68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby Lee JEPSEN, Plaintiff-Appellant,
v.
TEXACO, INC.; Texaco Exploration & Production, Inc.,
Defendants-Appellees.
 No. 94-6429.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1995.
 
 Before MOORE, BARRETT, and WEIS,** Circuit Judges.
 ORDER AND JUDGMENT[1]
 WEIS, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Bobby Lee Jepsen, individually and as representative of a putative class of persons similarly aggrieved, initially brought this action in Oklahoma state court seeking damages against defendants Texaco, Inc. and Texaco Exploration and Production, Inc. (Texaco), alleging claims of breach of contract, unjust enrichment, breach of fiduciary duty, account, constructive fraud, and tortious/bad faith breach of contract. Mr. Jepsen contends that Texaco failed to share the proceeds from settlement of various take-or-pay contracts with the royalty owners.
 
 
 3
 Texaco, claiming complete diversity of citizenship and more than $50,000 in controversy, removed the action to federal district court pursuant to 28 U.S.C. 1441. Mr. Jepsen moved to remand to state court, alleging that the claims of most of the individual putative class members did not satisfy the amount in controversy requirement of 28 U.S.C. 1332(a). Texaco filed a brief in opposition to remand, and Mr. Jepsen requested and received permission to reply. In his reply, Mr. Jepsen admitted that, although at the inception of the case he believed he was a royalty owner affected by Texaco's actions, he was not, and in fact, stipulated that he had no valid claim against Texaco and was not a proper representative of the putative class.[2]
 
 
 4
 Based on Mr. Jepsen's admissions in his reply, Texaco moved for dismissal pursuant to Fed.R.Civ.P. 12(c). Texaco argued that Mr. Jepsen's post-removal admission that the value of his suit was zero did not divest the court of subject matter jurisdiction, Appellant's App. at 100, but that the matter should be dismissed because "the material facts are not in dispute and it appears beyond doubt that plaintiff cannot prove any facts that would entitle him to relief." Id. at 96. In response, Mr. Jepsen argued that the district court lacked jurisdiction because Texaco knew at the time it removed the case that Mr. Jepsen's claim was illusory, and therefore, removal was improper and the case should be remanded to state court. The district court found Mr. Jepsen's motion to remand moot and did not address Texaco's motion to dismiss, but instead found Mr. Jepsen lacked standing to bring his claims against Texaco and dismissed the case without prejudice. Id. at 120-21.
 
 
 5
 Mr. Jepsen appeals claiming (1) the district court erred in dismissing the case before ruling on his motion to remand for lack of subject matter jurisdiction, (2) the district court erred in failing to remand the action to state court, and (3) in the event the district court had subject matter jurisdiction, it erred in refusing to allow Mr. Jepsen to substitute a proper class representative.
 
 
 6
 Standing is "a threshold question in every federal case," involving a combination of "constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, 422 U.S. 490, 498 (1975). In order to establish Article III standing "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984); see also Powder River Basin Resource Council v. Babbitt, 54 F.3d 1477, 1485 (10th Cir.1995). A plaintiff must also satisfy certain prudential conditions. First, a plaintiff must assert his or her own legal rights; second, the court should refrain from adjudicating " 'generalized grievances' " which would better be left to one of the other government branches; and third, the plaintiff's complaint must be included within the zone of interest protected or regulated by the statute or constitutional protection in question. Mount Evans Co. v. Madigan, 14 F.3d 1444, 1450-51 (10th Cir.1994)(quoting Valley Forge Christian College v. Americans United For Separation of Church & State, Inc., 454 U.S. 464, 474-75 (1982)(further quotation omitted)).
 
 
 7
 Mr. Jepsen does not challenge the district court's determination that he lacks standing to bring his claims against Texaco. He obviously, and by his own admission, does not have an injury linked to Texaco's actions which would be redressed by the relief he requests in his complaint.[3]
 
 
 8
 On appeal, Mr. Jepsen first asserts that the court should have ruled on his motion to remand before determining his standing. We disagree. The Supreme Court has recently held that "[t]he federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.' " United States v. Hays, 115 S.Ct. 2431, 2435 (1995)(quoting FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-31 (1990)(further citation omitted)). In light of the importance placed on the determination of standing by the Supreme Court in Hays, the district court did not err in considering and ruling on the standing issue prior to addressing Mr. Jepsen's motion to remand.
 
 
 9
 Next, Mr. Jepsen asserts that the court erred in dismissing the case rather than remanding to state court. We agree. See Smith v. Wisconsin Dep't of Agric., Trade & Consumer Protection, 23 F.3d 1134, 1139 n. 10 (7th Cir.1994)(noting that pursuant to 1447(c), "a federal court does not have the authority to dismiss a claim over which it never had jurisdiction in the first instance").
 
 
 10
 Section 1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). Lack of standing divests the court of subject matter jurisdiction, and therefore, upon determining that Mr. Jepsen lacked standing to bring his suit, the court should have remanded the matter to state court pursuant to 1447(c). See Powder River Basin Resource Council, 54 F.3d at 1485 ("Standing is a limitation on a court's jurisdiction."); Smith, 23 F.3d at 1142 (holding standing a jurisdictional prerequisite); Wheeler v. Travelers Ins. Co., 22 F.3d 534, 537 (3d Cir.1994)(holding that "if a district court finds that a plaintiff in a removed case does not have standing, it will remand the case to state court"); Abortion Rights Mobilization Inc. v. Baker (In re United States Catholic Conference), 885 F.2d 1020, 1023 (2d Cir.1989)(holding lack of standing to bring a suit divests the district court of jurisdiction), cert. denied, 495 U.S. 918 (1990); Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Servs., 876 F.2d 1051, 1053 (1st Cir.1989)(holding that determination of no standing is a determination of no subject matter jurisdiction requiring remand).
 
 
 11
 The district court's reliance on Reed v. Bowen, 849 F.2d 1307 (10th Cir.1988) in concluding that it must dismiss the case is erroneous. In Reed, this court affirmed the district court's dismissal, finding the named plaintiffs inappropriate class representatives for class certification purposes. Id. at 1313-15 However, Reed is factually and legally distinguishable. For example, even though Mr. Jepsen would like to convince us otherwise, the certification of a class is not at issue here. Mr. Jepsen has not identified other possible class members and the record does not indicate, nor does Mr. Jepsen allege, that the court has certified that the action can be maintained as a class action. See Fed.R.Civ.P. 23(c)(1). More importantly, Reed is a case brought initially in federal court, thus the removal and remand statutes were not implicated.
 
 
 12
 Texaco argues that a remand would be futile as Mr. Jepsen also lacks standing to proceed in state court. However, the Supreme Court has rejected this argument, declining to find a futility exception to the mandatory language of 1447(c). See International Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87-88 (1991); see also Maine Ass'n of Interdependent Neighborhoods, 876 F.2d at 1054 (the language of 1447(c) gives no discretion to the district court to remand where subject matter jurisdiction is lacking). To hold otherwise would require this court to speculate on the result of an application of state law, an endeavor we decline. See International Primate, 500 U.S. at 89.
 
 
 13
 In light of our decision in this case, Mr. Jepsen's remaining argument, that in the event the district court had subject matter jurisdiction it should have allowed him to substitute a proper class representative is moot. The judgment of the United States District Court for the Western District of Oklahoma dismissing the action is VACATED, and the matter is REMANDED with directions to remand the case to state court.
 
 
 
 **
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Jepsen mistakenly believed that the settlement affected the "Pendley # 1-20 Well" in which he was a royalty owner. Mr. Jepsen admits that at the time he brought the suit he was not aware of which wells were involved. Appellant's Br. at 3
 
 
 [3]
 Because we determine that Mr. Jepsen did not have constitutional standing, we need not include a determination of whether he had prudential standing. Valley Forge Christian College, 454 U.S. at 475 (prudential standing analysis is necessary only after constitutional standing has been established)