

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-1997

# Bromwell v. Michigan Mutual Ins

Precedential or Non-Precedential:

Docket 96-3181

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Bromwell v. Michigan Mutual Ins" (1997). *1997 Decisions.* Paper 121.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/121

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 6, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 96-3181

WILLIAM DAVID BROMWELL, Personal Representative of
the Estate of ELIZABETH NAOMI BROMWELL, Deceased;
JOHN DARROW, SR., Personal Representative of the
Estate of JOHN DARROW, JR., Deceased; and ORMAND
KEITH ADAMS and MITCHELL J. CORNWELL, Personal
Representatives of the Estate of BRIAN KENT ADAMS,
Deceased; and PETE L. WURM,

Appellants

v.

MICHIGAN MUTUAL INSURANCE COMPANY and
MICHIGAN AUTOMOBILE INSURANCE PLACEMENT
COMPANY,

Appeal from a Memorandum Order of the
United States District Court
for the Western District of Pennsylvania
Civil Action No. 94-1696

Argued January 10, 1997

Before: COWEN, ALITO, and ROSENN, <u>Circuit Judges</u>

Filed June 6, 1997

William A. Loftus, Esq. (Argued)
Shrager, McDaid, Loftus, Flum &
 Spivey
2001 Market Street
32nd Floor, Two Commerce Square
Philadelphia, PA 19103

Daniel M. Berger, Esq.
Berger Law Firm
Frick Building
Suite 912
Pittsburgh, PA 15219
Counsel for Appellants

L. John Argento, Esq.
Michael F. Nerone, Esq.
Stephen R. Mlinac, Esq. (Argued)
Dickie, McCamey & Chilcote
Two PPG Place
Suite 400
Pittsburgh, PA 15222-5402
Counsel for Appellees

**OPINION OF THE COURT**

ROSENN, <u>Circuit Judge</u>.

This appeal, having wended a tortured procedural path to arrive finally at this court, raises an interesting issue concerning the extent of a federal court's jurisdiction: whether a federal district court, having previously dismissed an action for lack of subject-matter jurisdiction, could properly exert jurisdiction over an identical state court action removed to that federal court by the defendants on diversity grounds. Having considered the jurisdictional limitations imposed on a federal court by statutory law and the doctrine of res judicata, we hold that the district court is precluded from exercising further jurisdiction over that claim and must remand the case to the state court from which it was removed.

2

I.

The current litigation arose out of a tragic accident that occurred at the Breezewood Interchange of the Pennsylvania Turnpike on June 17, 1990. A tractor-trailer owned by Ralph Meyers Trucking, Inc. ("Meyers Trucking") and operated by David A. Stacey "rear-ended" a motorcycle operated by Brian Kent Adams, on which Elizabeth Naomi Bromwell was a passenger, and then "rear-ended" a second motorcycle operated by John Darrow, Jr. Stacey's truck pushed the two motorcycles into the rear of another tractor-trailer, driven by Pete L. Wurm. The three motorcyclists, Adams, Bromwell, and Darrow, were killed in the collision and Wurm suffered serious physical and psychological injuries.

Representatives of the estates of the three deceased motorcyclists individually brought actions against Meyers Trucking and Stacey for wrongful death and negligence; Wurm brought an action against Meyers Trucking and Stacey for negligence. These actions were filed in the United States District Court for the Western District of Pennsylvania and were consolidated into a single case, with jurisdiction premised on diversity grounds pursuant to 28 U.S.C. § 1332. Both Meyers Trucking and Stacey are citizens of Michigan, Wurm is a citizen of Missouri, and the three decedents were citizens of Maryland.

On January 27, 1992, the district court granted a motion for partial summary judgment filed by the estate representatives and Wurm (hereinafter collectively referred to as "Appellants") on the issue of liability. The Appellants subsequently entered into a settlement agreement and release with Meyers Trucking's insurers, Michigan Mutual Insurance Company and Michigan Automobile Insurance Placement Facility (hereinafter referred to collectively as "Appellees"). The terms of the settlement agreement are, in pertinent part:

 For and in consideration of the sum of Seven Hundred and Fifty Thousand Dollars ($750,000.00) plus whatever other liability insurance coverage that may be declared available by judgment of any Court as the result of any Declaratory Judgment action now

pending or to be filed . . . hereby fully and forever release, acquit and discharge Ralph Meyers Trucking, Inc. and David Stacey to the full extent of their personal and/or corporate liability (while at the same time preserving our rights to pursue to the full extent possible the limits of insurance coverage available to either David Stacey and/or Ralph Meyers Tucking, Inc. pursuant to policies of insurance issued by Michigan Mutual and Michigan Automobile Insurance Placement Facility, the extent of said coverage having been placed at issue in the U.S. District Court for the Western District of Pennsylvania at Civil Actions Nos. 92-0183 and 92-1172 and/or which may be placed in issue in another court of competent jurisdiction) from any and all actions . . . by John Darrow, Jr., Elizabeth Naomi Bromwell, Pete L. Wurm, and Brian Kent Adams or our property sustained or received on or about the 17th day of June, 1990 when a vehicular accident occurred in the vicinity of the Breezewood Interchange of the Pennsylvania Turnpike for which injuries, losses and damages we claim Ralph Meyers Trucking, Inc. and David Stacey to be legally liable and on account of which suit was brought in the United States District Court for the Western District of Pennsylvania at Civil Actions Nos. 90-1120, 90-1608, and 91-1154, it being understood and agreed that the acceptance of said sum is in full accord and satisfaction of a disputed claim and that the payment of said sum is not an admission of liability by Ralph Meyers Trucking, Inc. and David Stacey.

The agreement further addressed the pending declaratory judgment action brought by the Appellants against the Appellees, stating:

It is further agreed and understood that this release and settlement agreement is not intended to compromise, reduce or in any way affect the continued prosecution or outcome of the Declaratory Judgment Actions filed by us and Michigan Mutual Insurance Company/Michigan Automobile Insurance Placement Facility at Nos. 92-0183 and 92-1172 in the United States District Court for the Western District of

4

Pennsylvania or of any other Declaratory Judgment action that may be filed or of any appeals that may be taken therefrom. It is further agreed and understood by the parties hereto that the within Settlement Agreement and Release will not be raised as a defense in any Declaratory Judgment action. It is also acknowledged that all parties hereto retain their right to appeal any judgment reached in any Declaratory Action.

The district court entered an order on August 13, 1993, approving this settlement agreement and dismissing the action "without prejudice to any claims which may arise under the settlement agreement." No order was issued with regard to the district court's previous grant of summary judgment in favor of the Appellants on the issue of liability.

At the time the district court dismissed this matter, two additional actions were pending in federal court. The Appellants had filed a complaint in the United States District Court against Meyers Trucking and Stacey, seeking a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. In this action, the Appellants sought a declaration that the incident which occurred on June 17, 1990, constituted three separate accidents, and therefore the available liability insurance coverage would be $2,250,000 and not the $750,000 available for a single accident. The district court dismissed this action against Meyers Trucking and Stacey for lack of subject-matter jurisdiction. The action concerned only the scope of the available insurance coverage and thus realigned Meyers Trucking and Stacey with the Appellants against the Appellees. Since Meyers Trucking, Stacey, and the Appellees are all Michigan residents, the realignment destroyed diversity of citizenship. No other basis for federal court jurisdiction existed in that action.

The Appellees brought the second action against the Appellants, Meyers Trucking, and Stacey. This complaint purported to raise a federal question but the gravamen of the declaratory judgment action was the interpretation of the term "accident" in the insurance policy. The district court dismissed this action for lack of subject-matter jurisdiction, concluding that the Appellees were precluded

5

from bringing this action because there was no underlying judgment of liability, a prerequisite to the only possible claim under federal law.

Following the dismissal of their action, the Appellants filed a Motion to Reconsider, which the district court denied. The court concluded that the error in pleadings that led to the initial dismissal had not been corrected. Additionally, the court stated that "[i]f this Court has subject matter jurisdiction over the parties' dispute, one or more of the parties must have an action for coercive relief--damages in this case--against the others." Darrow v. Ralph Meyers Trucking, Inc., C.A. No. 92-183, mem. order at 3 (W.D. Pa. Sept. 3, 1993). The court then granted the Appellants leave to amend the complaint. The Appellants chose, however, to file a second declaratory judgment action in the federal district court.

The Appellants filed this second declaratory judgment action against only the Appellees; Meyers Trucking and Stacey were not parties to the action. The Appellants premised jurisdiction on diversity grounds, and diversity was not defeated due to a realignment of the parties, as had occurred in the previous action. The district court again dismissed the action without prejudice, however, this time for failure to allege a "case or controversy" sufficient to invoke the federal court's subject-matter jurisdiction under the Federal Declaratory Judgment Act. The court concluded that both "the claim and counterclaim in the present action do not contain within them a justiciable controversy." Bromwell et al. v. Michigan Mutual Insur. Co. et al. , C.A. No. 93-1602, mem. op. at 16 (W.D. Pa. Mar. 28, 1994). Again, the district court focused on the absence of an underlying judgment as the main bar to prosecution of this complaint and the accompanying counterclaims. Thus, the court dismissed the Appellants' complaint and the Appellees' counterclaims without prejudice.

Rather than appeal the district court's decision to dismiss their complaint without prejudice, the Appellants filed an action in the Court of Common Pleas of Bedford County, Pennsylvania. This complaint repled the same request for declaratory relief concerning the definition of the term "accident" in the insurance policy as was raised in the

federal district court. Additionally, this state law action sought a declaration that there was separate liability coverage on both the tractor and on the trailer. The Appellants later dropped their first contention that there were three separate accidents under the terms of the insurance policy. They proceeded only on their claim that the tractor and the trailer were separate vehicles under both the insurance policy and federal law and that therefore each was covered for $750,000 under the terms of the policy, and each injured party was entitled to a total of $1,500,000.00.

The Appellees removed this case to the United States District Court for the Western District of Pennsylvania and moved to dismiss the action for failure to state a claim on which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Appellantsfiled a motion to remand the matter back to state court. Magistrate Judge Francis X. Caiazza issued a Report and Recommendation advising the district court to deny the motion to remand and to determine the justiciability of the claim under the Federal Declaratory Judgment Act. District Court Judge Robert J. Cindrich adopted the Report and Recommendation as the opinion of the district court.

Judge Caiazza issued a second report and recommendation on the matter, recommending that the Appellees' motion to dismiss should be granted for lack of subject-matter jurisdiction. The court adopted this report and recommendation as the opinion of the court and ordered that the Appellants' complaint be dismissed. The court also held there was no subject matter jurisdiction for a Pennsylvania court under the Pennsylvania Declaratory Judgments Act. The Appellants brought this timely appeal, arguing that the district court lacked jurisdiction over this case as a matter of res judicata and that the court therefore had no power to dismiss the Appellants' complaint.

II.

This court exercises plenary review over jurisdictional issues. Anthuis v. Colt Indus. Operating Corp. , 971 F.2d 999, 1002 (3d Cir. 1992). In the present matter, the

7

Appellants assert that the district court erred in exercising jurisdiction over the removed complaint, originallyfiled in state court, because the federal court had previously determined that it lacked subject-matter jurisdiction over an identical claim brought by the Appellants in the federal court. Additionally, the Appellants assert that the district court erred when, upon concluding that it lacked subject-matter jurisdiction over the removed state court action, it dismissed the action rather than remand it to the state court. The Appellants first propose that the district court erred in its March 28, 1994, order dismissing their complaint for failing to raise a justiciable claim. The correctness of the district court's order is not properly before this court at the present time. The Appellants failed to file a timely appeal of this decision, choosing instead to bring a new, albeit identical, claim in state court. Therefore, the district court's decision is final and the matter cannot now be challenged as part of this appeal.

The gravamen of the Appellants' reviewable argument is that the district court improperly exercised jurisdiction over their state law claim when the Appellees removed the matter to the federal court, and that the district court further erred by not remanding the matter to the state court once it concluded that it lacked subject-matter jurisdiction over the dispute. The existence of subject-matter jurisdiction over an action is a prerequisite to its removal to federal court. 28 U.S.C. § 1441; Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir. 1996). Section 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." In its March 28, 1994 order, the district court dismissed the Appellants' action after concluding that the Appellants had not presented a justiciable claim under the Federal Declaratory Judgment Act.

Once the court determined that it lacked jurisdiction over the matter in its March 28, 1994 order, that determination had a preclusive effect. "A dismissal for lack of subject-matter jurisdiction, while `not binding as to all matters

8

which could have been raised,' is, however, conclusive as to matters actually adjudged." Equitable Trust Co. v. Commodity Futures Comm'n, 669 F.2d 269, 272 (5th Cir. 1982) (quoting Acree v. Airline Pilot Ass'n, 390 F.2d 199, 203 (5th Cir.), cert. denied, 393 U.S. 852, 89 S. Ct. 88, 21 L.Ed.2d 122 (1968)). In the present matter, the issue of whether a justiciable claim was presented under the Federal Declaratory Judgment Act had previously been adjudicated in the March 28, 1994 order. The facts underlying the state law claim are identical to those underlying the previously dismissed federal court action. The Appellants had not obtained any judgment of liability in the interim, the lack of which presented the basis for the district court's original determination that there was no subject-matter jurisdiction to hear the case. Once the matter was removed to the federal district court by the Appellees, the Federal Declaratory Judgment Act again governed the justiciability of the Appellants' claim. The district court, having previously determined that it lacked subject-matter jurisdiction over the Appellants' case, was precluded by the principles of res judicata from exercising jurisdiction over this matter once it was removed by the Appellees. Thus, the district court simply could not exercise jurisdiction over the matter.

Upon a determination that a federal court lacks subject-matter jurisdiction over a particular action, the plain language of 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was removed. Section 1447(c) states: "If at any time beforefinal judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The language of this section is mandatory -- once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court. International Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87 (1991); Maine Assoc. of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Svcs., 876 F.2d 1051, 1054 (1st Cir. 1989). Therefore, the district court erred when it dismissed the matter rather than remand it to the state court.

The Appellees contend that the district court did not err in dismissing the matter under the "futility exception" to

9

§ 1447(c), which allows a district court to dismiss an action rather than remand it to the state court when remand would be futile because the state court also would lack jurisdiction over the matter. This court has never recognized the futility exception, and the Supreme Court has, in dicta, expressed a reluctance to recognize such discretion under the removal statute. See International Primate, 500 U.S. at 89 (noting that literal words of § 1447(c) grant district court no discretion to dismiss matter). Thus, we turn to the case law of other circuits to consider the merits of this proposed exception.

This proposed "futility exception," a relatively new concept, has been recognized only by the Fifth and Ninth Circuits. See Bell v. City of Kellog, 922 F.2d 1418, 1425 (9th Cir. 1991) (ruling that dismissal was appropriate where remand was futile); Arasco, Inc. v. Glenara, Ltd., 912 F.2d 784, 787 (5th Cir. 1990) (permitting dismissal where remand would be futile because federal court's determination that state court lacked jurisdiction bound state court). However, the Fourth and Seventh Circuits have both expressly rejected the existence of this futility exception. See Roach v. West Virginia Reg'l Jail & Correctional Facility Auth., 74 F.3d 46, 49 (4th Cir. 1996) (noting that "the futility of a remand to the West Virginia state court does not provide an exception to the plain meaning of § 1447(c)"); Smith v. Wisconsin Dep't of Agriculture, 23 F.3d 1134, 1139 (7th Cir. 1994) (citing International Primate and stating that Supreme Court has "squarely rejected" any futility exception to§ 1447(c)). The Tenth Circuit has also expressly rejected this proposed exception in an unpublished opinion. Jepsen v. Texaco, Inc., 68 F.3d 483, 1995 WL 607630, at *3 (10th Cir. 1995) (noting that Supreme Court has expressly rejected futility exception in International Primate). Additionally, the First Circuit, while not expressly refusing to adopt the futility exception, stated that "the fact that we believe a certain legal result unlikely, as a matter of state law, is not sufficient grounds for reading an exception into the absolute statutory words "shall be remanded." Maine Ass'n, 876 F.2d at 1055 (emphasis in original). Even the Second Circuit, which once indicated that it might consider the futility exception, Mignogna v. Sair Aviation, Inc., 937 F.2d

10

37, 41 (2d Cir. 1991), has recently recognized that such an exception probably does not exist in light of the Supreme Court's opinion in International Primate. Barbara v. New York Stock Exchange, 99 F.3d 49, 56 n.4 (2d Cir. 1996).

In light of the express language of § 1447(c) and the Supreme Court's reasoning in International Primate, we hold that when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility. Having concluded that no such exception exists, it is unnecessary for us to address the Appellees' argument that remand would be futile because the Appellants have also failed to raise a justiciable claim under state law. Once the district court determined that it lacked subject-matter jurisdiction over the Appellants' claim, the district court was obligated to remand the matter to the state court under the express language of § 1447(c). Whether the matter is justiciable under state law is a matter for the state court to decide.

III.

The order of the district court dismissing the Appellants' complaint is vacated and the matter is remanded to the district court with instructions to remand the case to the Court of Common Pleas of Bedford County, Pennsylvania.

Each side to bear its own costs.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

11