

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2006

# Citifinancial v. Gimbi

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5052

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Citifinancial v. Gimbi" (2006). *2006 Decisions.* Paper 947.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/947

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5052
_____

CITIFINANCIAL

v.

CLARISSA GIMBI,
Appellant

_____

Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-1230)
District Judge: Honorable Thomas I. Vanaskie

_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2006

Before:  RENDELL, AMBRO and *ROTH, Circuit Judges.

(Filed  June 6, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

      Clarissa Gimbi appeals the District Court's order granting appellee CitiFinancial's

_____

*Effective May 31, 2006 Judge Roth assumed senior status.

motion to dismiss or remand. The procedural history of this case is well-known to the parties, set forth in the District Court's opinion, and need not be discussed at length. Briefly, appellee filed an action against Gimbi in state court. After judgment was entered against her, Gimbi filed a notice of removal in the District Court for the Middle District of Pennsylvania. The District Court found that it did not have subject-matter jurisdiction and dismissed the action. Gimbi filed a timely notice of appeal.

Appellee argues that we lack jurisdiction over the appeal because an order remanding a case to the state court from which it was removed is generally not appealable. 28 U.S.C. § 1447(d). However, here the District Court did not remand the case; it dismissed the action. Appellee cites to Com. of Pa. ex rel. Gittman v. Gittman, 451 F.2d 155 (3d Cir. 1971), to support its argument that such a dismissal is also not appealable. However, in Gittman, we did not dismiss the appeal for lack of jurisdiction; rather, we affirmed the District Court's decision that the appellant had not made out a case for removal pursuant to § 1443. Moreover, we noted that although the District Court stated that the petition to remove the case was denied, we deemed that the effect of the order was to remand the case to the state court. Id. at 157. Here, however, the District Court explicitly chose to dismiss the case instead of remanding it. Thus, we conclude that we have jurisdiction over the appeal.

For the reasons given by the District Court, we agree that removal was improper. The District Court determined that there was no state court to which to remand the matter

2

because Gimbi had not appealed the judgment of the Magistrate Court to the Court of Common Pleas.  However, we believe the better course is to remand the case rather than dismiss it.  See Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 214 (3d Cir. 1997)("[W]hen a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility.")

Accordingly, we will vacate the District Court's order and remand the matter with instructions to remand the case to the state court from which it was removed.