**Enriqueta B. AGCAOILI, Appellant**

v.

**Edward A. WIERSIELIS.**

**No. 07–3955.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 10, 2008.

Filed: April 14, 2008.

Enriqueta B. Agcaoili, Jersey City, NJ, pro se.

Before: SLOVITER, BARRY and GREENBERG, Circuit Judges.

### OPINION

PER CURIAM.

Appellant Enriqueta B. Agcaoili appeals *pro se* from the United States District Court for the District of New Jersey's order dismissing her complaint. The District Court dismissed her complaint pursuant to 28 U.S.C. § 1915(e)(2) and for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3). For the following reasons, we will affirm the judgment of the District Court.

Because we write primarily for the parties, we need not repeat the details of Agcaoili's claims here. In brief, although not a model of clarity, Agcaoili's complaint appears to allege that her landlord, Edward A. Wiersielis, engaged in various fraudulent activities in prior litigation before the New Jersey state courts. Agcaoili seeks to collect a judgment for approximately $3,000 entered in her favor by the Special Civil Part of the Superior Court of Hudson County. The District Court issued an Order to Show Cause why her complaint should not be dismissed for lack of subject matter jurisdiction. After Agcaoili filed a response to the order, the District Court dismissed her complaint. Agcaoili timely appealed.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Our review of a district court decision dismissing a complaint as frivolous is plenary. *Roman v. Jeffes,* 904 F.2d 192, 194 (3d Cir.1990). We also exercise plenary review over a dismissal for lack of subject matter jurisdiction. *Gould Elecs. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir.2000). A federal court has leeway to choose among

light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d).

threshold grounds for denying audience to a case on the merits. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* — U.S. ——, 127 S.Ct. 1184, 1191, 167 L.Ed.2d 15 (2007) (quotation omitted). We can affirm the district court on any basis supported by the record. *Fairview Twp. v. EPA,* 773 F.2d 517, 525 n. 15 (3d Cir.1985).

As found by the District Court, Agcaoili previously filed a nearly identical complaint in a previous action which was dismissed for lack of subject matter jurisdiction. *Agcaoili v. Wiersielis,* No. 05–5617 (D.N.J.2006) (hereinafter *"Agcaoili I"*).[1] Under the circumstances presented here, the principles of res *judicata* require us to give *Agcaoili I* preclusive effect with respect to the question of subject matter jurisdiction. *See Bromwell v. Michigan Mut. Ins. Co.,* 115 F.3d 208, 212–13 (3d Cir.1997) ("A dismissal for lack of subject-matter jurisdiction, while not binding as to all matters which could have been raised, is, however, conclusive as to matters actually adjudged.") (quotation omitted); *Okoro v. Bohman,* 164 F.3d 1059, 1063 (7th Cir.1999) ("a jurisdictional dismissal is res judicata on the jurisdictional issue"). Accordingly, the District Court properly dismissed Agcaoili's complaint because *Agcaoili I* precluded the court from exercising jurisdiction over Agcaoili's subsequent suit with the same jurisdictional defect.

For these reasons, we will affirm the District Court's judgment of dismissal. The motion for oral argument is denied.

---

1. For purposes of this appeal, we will take judicial notice of the complaint filed in *Agcaoili I*. There are no differences relevant to the question of jurisdiction between the complaint filed in *Agcaoili I* and the complaint at issue in this case. The facts underlying *Agcaoili I* are identical to those underlying the instant suit. The same causes of action and bases for federal jurisdiction are asserted in both.