ALD-183                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1580

ASSEM A. ABULKHAIR,
                                        Appellant

v.

LIBERTY MUTUAL INSURANCE COMPANY

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 09-cv-06489)
District Judge:  Honorable Jose L. Linares

Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 29, 2010

Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: May 12, 2010)

OPINION

PER CURIAM.

     Assem A. Abulkhair appeals from the District Court's order dismissing his

complaint with prejudice due to Abulkhair's improper removal of the action from state

court. For the reasons that follow, we will summarily affirm in part, vacate in part, and direct the District Court to remand the matter to state court.

## I.

On August 27, 2007, Abulkhair filed a pro se complaint against Liberty Mutual Insurance Company ("Liberty") in an Essex County, New Jersey, state court, seeking a declaratory judgment to compel arbitration of a claim to recover underinsured motorist benefits. On January 22, 2010, the state court granted Liberty's motion for summary judgment and dismissed all claims with prejudice. Shortly prior to the order of dismissal, on December 28, 2009, Abulkhair filed a notice of removal in the District Court, along with a copy of his complaint and a motion for leave to proceed in forma pauperis ("IFP").

Liberty opposed the removal, arguing that there is no federal subject matter jurisdiction over the action, and advising the District Court that the state trial court had entered summary judgment after the removal notice was filed.[1] On February 9, 2010, the District Court granted Abulkhair's motion for leave to proceed IFP and reviewed the complaint. The District Court observed that the removal notice failed to comply "with almost every aspect of the removal rules," and that the state trial court had entered judgment for Liberty. Thus, concluding that the action was not properly removed, the

---

[1] Liberty did not raise any procedural objection to the removal notice, and it did not ask the District Court to remand the matter to state court. Instead, it asked that removal be "denied" for lack of subject matter jurisdiction. Cert. in Opp. to Plaintiff's Notice of Removal at ¶ 9 (docket #2).

2

District Court dismissed the complaint with prejudice.  Abulkhair timely filed this appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review.  See, e.g., Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (review is plenary of order dismissing IFP complaint).  The parties were advised that this Court might take summary action, see 3d Cir. L.A.R. 24.7 and I.O.P. 10.6, and their responses have been considered.  Summary action is warranted when "no substantial question is presented."  Id.

The District Court correctly concluded that the removal of this action was improper because Abulkhair, the plaintiff, removed his own suit, and he did so more than two years after filing it.  See 28 U.S.C. §§ 1446(a)-(b); see also La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 343 n.4 (3d Cir. 1974) ("[I]t is axiomatic that a plaintiff may not remove an action to federal court.").  While Liberty did not argue these defects in its opposition to the removal notice, this Court has held that "[a]n irregularity in removal of a case to federal court is to be considered 'jurisdictional' ... if the case could not initially have been filed in federal court."  Korea Exchange Bank v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995).  Abulkhair's case could not have been filed initially in federal court because, as Liberty argued, the District Court lacked subject matter jurisdiction.  Abulkhair's complaint, which is essentially a breach of contract action, reveals no basis for either federal question or diversity jurisdiction, which were the two grounds cited in

3

the removal notice.[2]  See 28 U.S.C. §§ 1441(a)-(b); Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 152 (3d Cir. 2009); Dukes v. U.S. Healthcare, 57 F.3d 350, 353 (3d Cir. 1995).

The law governing removal provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Here, although not entirely clear from the record, it appears that the District Court dismissed the complaint rather than enter a remand because it noted that the state trial court had entered judgment for Liberty after the removal notice was filed.  As discussed above, however, the District Court lacked subject matter jurisdiction over the removed action, and, as such, a remand was required.  See Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997) ("Upon a determination that a federal court lacks subject-matter jurisdiction over a particular action, ... § 1447(c) mandates that the matter be remanded to the state court from which it was removed.").[3]  Accordingly, inasmuch as the District Court dismissed the complaint, we will vacate its order and direct it to enter a remand.

---

[2] While Abulkhair also made passing reference to 28 U.S.C. § 1443, removal under that provision was plainly improper.  See Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (discussing requirements for § 1443 removal).

[3] In Bromwell, this Court declined to adopt a "futility exception" to § 1447(c)'s remand requirement, holding that "when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility." 115 F.3d at 214.  Thus, while Liberty argues that a remand to state court would be futile because the state trial court has entered summary judgment for Liberty, "it is unnecessary for us to address the ... argument that remand would be futile." Id.

4

III.

In sum, we will affirm the District Court's conclusion that the removal of this action was improper. However, we will vacate that portion of its February 9, 2010, Order that dismissed the complaint with prejudice, and we will remand with an instruction that the District Court enter an order under 28 U.S.C. § 1447(c) remanding the matter to state court for lack of subject matter jurisdiction. Although we note that Abulkhair has proceeded IFP, the District Court may consider upon remand whether its order remanding the case to state court should require Abulkhair to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); see Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). We express no view on whether such an award would be appropriate.