**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3117
_____

E & R ENTERPRISE LLC,
Appellant

v.

CITY OF REHOBOTH BEACH, a municipal corporation
of the State of Delaware; STAN MILLS; KATHY MCGUINESS;
PATRICK GOSSETT; LORRAINE ZELLERS;
TONI SHARP; BILL SARGENT; SAMUEL R. COOPER;
SHARON LYNN; TERRI SULLIVAN

_____

On Appeal from the District Court
for the District of the Delaware
(D.C. Civil Action No. 1-14-cv-01452)
District Judge:  Hon. Leonard P. Stark

_____

Submitted under Third Circuit LAR 34.1(a)
on April 4, 2016

Before:  AMBRO and KRAUSE, *Circuit Judges*, and **THOMPSON, *District Judge*

(Opinion filed: June 1, 2016)

_____

OPINION*

_____

  * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**Honorable Ann E. Thompson District Judge for the United States District Court for the District of New Jersey, sitting by designation.

KRAUSE, *Circuit Judge*.

E & R Enterprise LLC acquired property in Rehoboth Beach, Delaware but was denied a building permit after the City placed a moratorium on the construction of swimming pools. Rather than appealing the decision to the Board of Adjustment, E & R filed this action against the City and various City officials. E & R now appeals the District Court's order granting in part and denying in part Defendants' motion to dismiss. For the reasons stated below, we will vacate and remand the case to the District Court.

## I.    Background

E & R purchased land in Rehoboth Beach with the intention of building a residential home and in-ground pool on the property. E & R submitted its building application on September 15, 2014, after being told at a joint meeting of the City's Board of Commissioners and Planning Commission that applications should be submitted by September 19 in order to be reviewed under "the currently applicable standards and zoning ordinances." First Amended Compl. ¶ 18.

Four days after E & R's submission, the City adopted a resolution proposing a moratorium on permits and other approvals for the construction of unenclosed swimming pools within the zoning district where E & R's property is located ("the Adopted Resolution"). On October 14, 2014, the City orally informed E & R and its contractor that E & R's application for a building permit had been denied and that the City could not accept additional information in connection with the application. A few days later, the City held a public hearing in order to determine whether to formally implement the Adopted Resolution, and City officials asked E & R to avoid taking further action until

2

the denial could undergo further review. After a number of meetings and communications between E & R and City officials, on November 17 the City informed E & R that it would take no further action on the Adopted Resolution or on E & R's permit application.

E & R promptly filed this action against the City in the Delaware Court of Chancery, later amending the Complaint to assert state and federal claims against the City, the Mayor, the City Building Inspector and members of the City Board of Commissioners. Defendants removed the case to federal court and filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted.

After oral argument, the District Court granted Defendants' motion in part and denied it in part, largely adopting Defendants' principal argument that most of E & R's claims were not ripe because E & R had failed to appeal the denial of its permit to the Board of Adjustment (BOA or "Board"). On this ground, the District Court dismissed the procedural due process and equal protection claims E & R brought under 42 U.S.C. § 1983.[1] The last of E & R's federal claims, alleging a substantive due process violation under § 1983, was deemed ripe but was dismissed on the ground that the City's alleged conduct did not shock the conscience.

As for E & R's state law claims, the District Court dismissed the procedural due process and vested rights claims for lack of ripeness but remanded E & R's sole

_____

[1] As E & R did not prevail on its § 1983 claims, its request for attorneys' fees under 42 U.S.C. § 1988 necessarily failed as well.

3

remaining claim, for equitable estoppel, to the Delaware Court of Chancery for further proceedings. The District Court denied E & R's request for leave to amend as futile.

## II. Jurisdiction and Standard of Review

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction and a Rule 12(b)(6) dismissal for failure to state a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

## III. Discussion

We begin with the threshold inquiry of whether E & R's claims are ripe for review. Although the District Court correctly determined that most of E & R's federal claims lack ripeness,[2] we conclude that all of E & R's federal claims fail on this ground; thus the District Court therefore lacked subject matter jurisdiction over this action and

---

[2] The District Court largely treated ripeness and exhaustion as interchangeable concepts. We note, however, that "ripeness is not to be confused with exhaustion." *Peachlum v. City of York*, 333 F.3d 429, 436 (3d Cir. 2003). For example, there are circumstances in which additional administrative procedures may yet be available but the plaintiff nonetheless has a ripe challenge to a land-use decision. *See Lauderbaugh v. Hopewell Twp.*, 319 F.3d 568, 575 (3d Cir. 2003). This is because the key inquiry for purposes of determining ripeness is whether an administrative decision "has been formalized and its effects felt in a concrete way by the challenging parties." *Peachlum*, 333 F.3d at 436 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 138 (1967)). As we explain below, E & R's failure to appeal to the BOA precluded any such formalization, and E & R has suffered no concrete effects other than what is to be expected of a permit denial—that is, the inability to build the desired pool—which cannot by itself render this case ripe. *Cf. Sameric Corp. of Delaware v. City of Philadelphia*, 142 F.3d 582, 598 (3d Cir. 1998) ("[A]n ordinary lapse of time required for the processing of an appeal from the denial of a permit does not permit a plaintiff to recast a case as a delay claim; for if it did the ripeness requirement effectively would be eliminated.").

4

should have remanded it to the state court under 28 U.S.C. § 1447(c).  *See Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 424 (3d Cir. 1992).

Per the Supreme Court's decision in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985), we have consistently held that "in § 1983 cases involving land-use decisions, a property owner does not have a ripe claim until the zoning authorities have had an opportunity to arrive at a final, definitive position regarding how they will apply the regulations at issue to the particular land in question."  *Lauderbaugh v. Hopewell Twp.*, 319 F.3d 568, 574 (3d Cir. 2003) (quoting *Taylor Investment, Ltd., v. Upper Darby Twp.*, 983 F.2d 1285, 1291 (3d Cir. 1993)) (alterations and internal quotation marks omitted).  The finality rule bars premature, as-applied procedural due process claims, *Taylor*, 983 F.2d at 1293 (citing *Williamson Cty.*, 473 U.S. at 200), as well as "as-applied substantive due process and equal protection claims by property owners or tenants who have challenged the denial of a permit by an initial decision-maker but failed to take advantage of available, subsequent procedures," *County Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006) (quoting *Lauderbaugh*, 319 F.3d at 574).

E & R's failure to appeal to the BOA is dispositive for ripeness purposes because the BOA alone had the authority to render a final decision as to whether E & R was properly denied a building permit pursuant to the City's zoning regulations.  *See Acierno v. Mitchell*, 6 F.3d 970, 976 (3d Cir. 1993) (explaining that, in the context of a denial of a building permit, "[o]nly the [BOA] has final authority to interpret the zoning regulations—and until it renders a decision there is no final judgment").  Delaware law

5

provides that "[a]ppeals to the [BOA] may be taken by any person refused a building permit, or from the decision of any administrative officer or agency based upon or made in the course of the administration or enforcement of the provisions of the zoning regulations." Del. Code. Ann. tit. 9, § 6916. In Rehoboth the BOA has the power "[t]o hear and decide appeals where it is alleged that there is error in any order, requirement, decision or determination made by the Building Inspector in the enforcement of this chapter or by any ordinance supplemental hereof." Code of the City of Rehoboth Beach § 270–74.

To explain its failure to seek administrative review, E & R contends on appeal that City officials "hijacked" the regular permit process and created an alternative process by which they, and not the Building Inspector, rendered a decision denying E & R's building application, such that there could be no appeal to the BOA. Appellant's Br. 23, **26.** This theory is unpersuasive. Not only has E & R failed to set forth adequate factual allegations to support its conclusory assertion that the initial permit denial was not appealable, but it also has pleaded facts that directly undercut its theory. For example, the Complaint asserts that "the City called an executive session with the Mayor, Commissioners, and Lynn on October 31, 2014 to further consider E & R's Building Permit Application, *its rejection by the Building Inspector*, and the applicability of the moratorium." First Amended Compl. ¶ 37 (emphasis added)).

E & R also alleges that it could not appeal to the BOA because it relied on the City's false representations until the window for filing an appeal had closed. Again, this assertion is at odds with the facts as pleaded in the Complaint, which characterizes the

6

City's November 17, 2014 statement that it would take no further action on the Adopted Resolution or the Building Permit Application as the "final decision from the highest members of City government" that prompted E & R to file this action. First Amended Compl. ¶ 42. If this was the date of the City's decision, then, as noted by the District Court, E & R was required to appeal to the BOA within thirty days of that denial. *See* Rules of Proc. of the Board of Adjustment of Rehoboth Beach, Delaware, R. 14.3. In the alternative, if an earlier date, such as the City's alleged October 14, 2014 oral rejection, is properly construed as the date E & R's application was denied, then E & R—who was represented by counsel—had the opportunity to appeal to the BOA, notwithstanding the City's alleged misrepresentations, within thirty days or thereafter "for good cause." *Id.* Because E & R failed to do so, the District Court correctly concluded that it lacked jurisdiction over E & R's federal procedural due process and equal protection claims.

The District Court erred, however, in declining to apply the finality rule to one of E & R's federal claims, instead dismissing its substantive due process challenge for failure to state a claim. In so ruling, the District Court appears to have relied on the exception to the finality rule first established by our Court in *Blanche Road Corp. v. Bensalem Township*, 57 F.3d 253 (3d Cir. 1995). In that case, we held that the plaintiff landowners had a ripe claim because they "[we]re not appealing from an adverse decision on a permit application"—indeed, by that point most of their permit applications had been approved—but instead asserted a substantive due process violation based on the harassment campaign allegedly waged by township employees in order to block or delay the issuance of the plaintiffs' permits. *Id.* at 267–68 & n.14. We elaborated on this

7

exception in *County Concrete Corp. v. Town of Roxbury*, where we held that the appellant's allegation that township officials had engaged in "false public accusations" and other "harassment" in the course of the zoning process in order to deprive the plaintiffs of lawful use of their property was "sufficient to establish a ripe [substantive due process] claim, regardless of the outcome of subsequent appeals for relief to municipal zoning boards." 442 F.3d at 167, 170.

This exception has no bearing on E & R's substantive due process claim. The controlling case here is *Sameric Corp. of Delaware v. Philadelphia,* 142 F.3d 582, 597 (3d Cir. 1998), where the plaintiff property owner alleged harm beyond that resulting from the City's denial of its permit, but we nonetheless rejected the plaintiff's contention that its substantive due process claim was ripe under *Blanche Road*. Reiterating "the importance of the finality requirement and our reluctance to allow the courts to become super land-use boards of appeals," we observed "that the grant of the permit would have reduced [the property owner's] damages" and concluded that "to the extent that Sameric's claims are based upon the City's denial of a building permit, they are not ripe." *Id.* at 598; *see also Acierno*, 6 F.3d at 974–76; *Taylor*, 983 F.2d at 1293.

This case compels the same result. Although to support its substantive due process claim, E & R contends the City engaged in "extreme wrongful conduct" in delaying and denying the issuance of E & R's permit and characterizes this conduct as "arbitrary, capricious and so egregious as to shock the conscience," First Amended Compl. ¶¶ 83–84, this purported conduct bears no resemblance to the harassment alleged in *Blanche Road* or *County Concrete*. Whereas in *Blanche Road* "we declined to apply

8

the finality requirement because a review of the permit decisions was not necessary to resolve the dispute," *Sameric*, 142 F.3d at 598 (citing *Blanche Road*, 57 F.3d at 267–68), here E & R's substantive due process claim turns on whether the City improperly denied it the building permit. The finality rule applies to substantive due process claims of this kind. *See Taylor*, 983 F.2d at 1293 (explaining that the zoning hearing board must make a determination before plaintiffs' substantive due process claim is ripe because "[o]nly then will it be clear whether the Township has acted in an arbitrary and capricious manner").

In light of the jurisdictional bar on E & R's federal claims,[3] the District Court did not abuse its discretion in denying E & R leave to amend its complaint again. *Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001) ("[L]eave to amend need not be granted when amending the complaint would clearly be futile."); *Miklavic v. USAir Inc.*, 21 F.3d 551, 557–58 (3d Cir. 1994) ("[W]e find that granting leave to amend would have been futile on [the] ground . . . [of] lack of subject matter jurisdiction."). However, as the

---

[3] Although we recognize that in some cases lack of ripeness is merely a prudential consideration, here it serves as a jurisdictional bar. We are not confronted with a takings claim that we deem premature because the plaintiff failed to seek compensation, *see Horne v. Dep't of Agric.*, 133 S. Ct. 2053, 2061–62 (2013), nor is this a case involving a facial challenge to a clearly applicable ordinance, *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 736 & n.10 (1997). Rather, we are asked to assess whether E & R's due process and equal protection rights have been violated where it is disputed whether there was any legal basis for the preliminary denial of its permit and before the proper zoning authorities have been able to render a decision on the issue. Under these circumstances, the City has not "arrived at a definitive position on the issue that inflicts an actual, concrete injury." *Lauderbaugh*, 319 F.3d at 575 (quoting *Williamson Cty.*, 473 U.S. at 192; *see also Horne*, 133 S. Ct. at 2061. E & R's federal claims are therefore deficient "in the 'Case or Controversy' sense," *Acierno*, 6 F.3d at 974, such that the District Court lacked jurisdiction.

District Court lacked subject matter jurisdiction over any of E & R's federal claims, "the plain language of 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was removed." *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997). We therefore will vacate the dismissal of E & R's state and federal claims and remand to the District Court with instructions to remand the case to the Delaware Court of Chancery.