UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60686
_____

AGORA SYNDICATE, INCORPORATED,

Plaintiff-Appellant,

versus

ROBINSON JANITORIAL SPECIALISTS, INCORPORATED, Et Al,

Defendants,

ROBINSON JANITORIAL SPECIALISTS, INCORPORATED;
TROY DODSON, Sole Wrongful Death Beneficiary
of Christy E. Massie, Deceased, ESTATE OF MASSIE,
and the Estate of Christy E. Massie, Deceased,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____

July 31, 1998

Before GARWOOD, JONES, and WIENER, Circuit Judges.

EDITH H. JONES, Circuit Judge:

    The district court dismissed, <u>sua sponte</u>, this insurance

company's declaratory judgment suit[1] in deference to the underlying

liability case, pending in state court, in which the insurance

_____

    [1]  <u>See</u> 28 U.S.C. § 2201.

company was not a party. While it is true that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration," Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S. Ct. 2137, 2143 (1995), no such efficiency concerns existed in this case. Under these unusual circumstances, we hold that the district court abused its discretion in declining jurisdiction. The judgment of dismissal is therefore reversed, and the case remanded.

The facts are not in dispute. In 1992, James McClure abducted Christy Massie from her law office. Robinson Janitorial employed McClure as a janitor and had assigned him to clean Massie's office building. McClure trapped Massie in the trunk of her car, and she died. In 1995, Troy Dodson and the Estate of Christy Massie filed a wrongful death action in Mississippi state court against Robinson Janitorial, predicating the company's liability on respondeat superior and negligent hiring/supervision. In 1996, Agora, Robinson Janitorial's insurer, filed suit in federal court seeking a declaratory judgment that McClure's actions were not covered under Robinson Janitorial's policy and that Agora had no duty to defend the company in the state wrongful death action. Both Agora and Robinson moved for summary judgment on the merits, but the district court decided, sua sponte, to abstain from

2

ruling on the declaratory judgment and dismissed the suit. Agora timely appealed.

This court reviews the dismissal of a declaratory judgment action for an abuse of discretion. Wilton, 515 U.S. at 289-90, 115 S. Ct. at 2144; Rowan Cos. v. Griffin, 876 F.2d 26, 28-29 (5th Cir. 1989).

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton, 515 U.S. at 286, 115 S. Ct. at 2142. In Wilton, the Supreme Court held that this discretion remained unaltered by the subsequent development of abstention doctrine case law, under which a district court's decision to abstain from entertaining a case must satisfy the "exceptional circumstances" test. 515 U.S. at 281-82, 115 S. Ct. at 2140. Wilton discussed in the following terms federal district courts' discretion to abstain from entertaining a declaratory judgment action in deference to pending, parallel state court proceedings:

> [I]n deciding whether to enter a stay, a district court should examine the scope of the pending state court proceeding and the nature of defenses open there. This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc. Other cases . . . might shed light on additional

3

> factors governing a district court's decision to stay or to dismiss a declaratory judgment action at the outset. But[,] at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference, if it permitted the federal declaratory action to proceed.[2]

The factors identified in Wilton are similar to those articulated in this court's cases discussing the issue. See, e.g., Southwind Aviation, Inc. v. Bergen Aviation, Inc., 23 F.3d 948, 950-51 (5th Cir. 1994); Granite State Ins. Co. v. Tandy Corp., 986 F.2d 94, 95-96 (5th Cir. 1992); Magnolia Marine Transp. Co. v. Laplace Towing Corp., 964 F.2d 1571, 1581-82 (5th Cir. 1992); Rowan, 876 F.2d at 28-30.

Unlike the insurer in Wilton, Agora was not a party to the state court suit against Robinson Janitorial, but the district court nonetheless dismissed Agora's declaratory judgment action. The court held that: (1) Agora may intervene in the state court suit and seek the same declaratory judgment concerning its rights and responsibilities under the policy; (2) alternatively, Agora could file a separate declaratory judgment action in state court; and, (3) inasmuch as the case involves complex and novel questions

---

[2] Wilton, 515 U.S. at 283, 115 S. Ct. at 2141 (internal punctuation ommitted) (citing Brillhart v. Excess Ins. Co., 316 U.S 491, 495, 62 S. Ct. 1173, 1175-76 (1942)).

4

of Mississippi insurance law, comity counsels against exercising federal jurisdiction.

Agora argues, and we agree, that none of these arguments sustains the district court's decision. First, this is not what the Supreme Court meant in <u>Wilton</u> by use of the term "parallel state proceedings," for there is no identity of parties or issues in the state and federal court suits. <u>Wilton</u>, 515 U.S. at 290, 115 S. Ct. at 2144. Agora is not a party to the state court liability suit, it is not a party in any pending state proceeding related to these events, and it could only bring the insurance issues before the state courts by affirmatively intervening in the pending liability action or commencing a separate, independent declaratory judgment action in state court. Moreover, a state court decision on the issues of Robinson Janitorial's vicarious liability and negligent supervision/hiring would have no direct bearing on the insurance company's duty to defend and the scope of policy coverage; a federal decision on the insurance issues would likewise have no impact on the state court liability issues. Because there are no overlapping legal or factual issues in the wrongful death and declaratory suits, the district court's concerns over duplicative litigation and preclusive effect do not exist.

Second, judicial economy weighs in favor of, rather than against, a declaratory ruling. This case had been pending in federal court for over a year when the district court dismissed it

5

<u>sua sponte</u>.  Robinson Janitorial never sought dismissal.  Further, Robinson concedes that there are no factual disputes between the parties and that they have fully briefed the merits of the insurance issues.  If the abstention order is upheld, however, Agora will be forced into the wasteful prospect of commencing the declaratory judgment process anew in state court.

Finally, the district court's comity concern has been overtaken by the march of Fifth Circuit law.  In a recent opinion, this court decided Mississippi insurance law issues that are very similar, if not identical, to those involved in this case. <u>American Guar. & Liab. Ins. Co. v. 1906 Co.</u>, 129 F.3d 802 (5th Cir. 1997).[3]

In many, perhaps most, cases involving true parallel state and federal court proceedings, some of the factors listed in <u>Wilton</u> will favor a federal court's decision to abstain from rendering a declaratory judgment and other factors will weigh

---

[3]  The insurance issues raised by Agora in the declaratory judgment suit include:
   (1)  Whether, under the policy provisions, coverage exists for injury expected or intended from the standpoint of the insured party;
   (2)  whether McClure's intent is imputed to Robinson Janitorial for the purposes of determining insurance coverage; and,
   (3)  whether the alleged negligent hire and supervision claims against Robinson are related to and interdependent on McClure's intentional acts and, therefore, not covered under the policy.

against that decision. We will generally not find an abuse of discretion in such cases. See, e.g., Granite State, supra. Here, however, none of the district court's asserted reasons for abstention is supportable, the state and federal cases are not truly parallel, and judicial economy strongly favors the court's completion of the task that was well under way when it decided to abstain. In short, we are constrained to conclude that the district court abused its discretion. Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc., 996 F.2d 774, 779 (5th Cir. 1993). The judgment of dismissal is REVERSED, and the case REMANDED for further proceedings.