FRONTIER PAC. INS. CO., Plaintiff,

v.

### MARATHON ASHLAND PETROLEUM, L.L.C., Defendant.

No. Civ.A. G–99–754.

United States District Court,
S.D. Texas,
Galveston Division.

March 8, 2000.

David S Lynch, Coats Rose Yale Holm Ryman & Lee, Houston, Tx, for Frontier Pacific Insurance Company, plaintiff.

Philip Werner, Werner and Kerrigan, Houston, TX, for Marathon Ashland Petroleum, L.L.C., defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO STAY

KENT, District Judge.

Plaintiff Frontier Pacific Insurance Co. ("Frontier") brings this action for a declaratory judgment that Defendant Marathon Ashland Petroleum, L.L.C. ("Marathon") is not entitled to indemnification or defense from Frontier for its liability in a related case now pending trial in Texas state court, styled *John Eichor v. Marathon Ashland Petroleum Co., L.L.C.,* No. 98–CV–0687 (122d Dist.Ct., Galveston County, Tex.) (the "Eichor" litigation). In that case, which was filed in July 1998, Marathon was sued as a result of an explosion that occurred on its property. After learning that Frontier would not indemnify nor defend Marathon in this suit, Marathon submitted on November 30, 1999 a petition and motion for leave to file a third-party complaint against Frontier requesting the state court to declare the rights, obligations, and damages flowing from a series of insurance policies entered into by Frontier and Marathon. On December 5, 1999, Frontier filed a similar action in this Court seeking declaratory judgment. Now pending before the Court is Defendant's Motion to Stay or Dismiss, dated January 28, 2000. For reasons explained more fully below, Defendant's Motion to Stay is **GRANTED**.

### I. MOTION TO STAY OR DISMISS

Because the incident forming the basis of this action is also the subject of pending

state court litigation, Defendant argues that this Court should abstain from exercising jurisdiction. The key, therefore, to deciding the efficacy of Defendant's Motion is discerning whether the Court should invoke its jurisdiction and grant or refuse declaratory relief to Plaintiff. The Supreme Court typically premises this type of abstention upon "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (*quoting Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)); *see also* 17A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4241, at 27 (2d ed.1988) (noting that "that there are 'exceptional' circumstances in which dismissal of a federal suit due to the presence of a concurrent proceeding may be appropriate for reasons of wise judicial administration"). The question of whether a federal court should defer to concurrently pending state court actions involves different considerations than the question of deferral when actions are pending in another federal court. *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246; *Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1190 (5th Cir. 1988); *Igloo Prods. Corp. v. Mounties, Inc.,* 735 F.Supp. 214, 217 (S.D.Tex.1990). Whereas the general principle with respect to parallel federal court proceedings is to avoid duplicative litigation, a pending state court action generally provides no bar to federal court proceedings concerning the same subject matter because of a federal court's "'virtually unflagging obligation'" to exercise its jurisdiction. *See Evanston,* 844 F.2d at 1190 (*quoting Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246). Consequently, the "exceptional circumstances" that would permit a federal court to abstain from exercising its jurisdiction on the basis of "wise judicial administration" when there is a concurrent state proceeding are very limited. *Id.*

■ The "exceptional circumstances" standard, however, is inapplicable in declaratory judgment actions. As the Supreme Court has made clear, the "[d]istinct features of the Declaratory Judgment Act ... justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses H. Cone.*" *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995). Because it is under no compulsion to exercise jurisdiction under the Federal Declaratory Judgment Act, the Court possesses "unique and substantial" discretion to maintain jurisdiction over a declaratory judgment action. *Id.* at 286, 115 S.Ct. at 2142; *see Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); *Cornhill Ins. PLC v. Valsamis, Inc.,* 106 F.3d 80, 84 (5th Cir.1997).

■ The appropriateness of a dismissal or a stay of federal proceedings involving a declaratory action depends on weighing several factors, including: (1) the scope of the pending state action and the nature of the defenses available in the state forum; (2) the ability of the state court to properly adjudicate the claims of all parties; (3) the ability of the litigants to join the necessary parties; and (4) the amenability of the parties to service of process in that proceeding. *See Wilton,* 515 U.S. at 283, 115 S.Ct. at 2141 (noting that when another suit "involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court," the trial court's consideration of the declaratory judgment action may constitute gratuitous interference). If the balance favors the state forum, the Court may stay or dismiss the action. *See id.* Consistent with the *Wilton* factors are those adopted by the Fifth Circuit, which ask the trial court to evaluate: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of an action filed by the defen-

dant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and the witnesses; and (6) whether retaining jurisdiction in federal court would serve the purpose of judicial economy. *See Travelers Ins. Co. v. Louisiana Farm Bur. Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir.1993); *see also Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir.1998) (continuing to embrace the *Travelers* factors even after the Supreme Court's decision in *Wilton*). Accordingly, the Court will evaluate whether to exercise judgment according to the discretionary factors outlined in *Wilton* and *Travelers*.

First, all of the issues in the declaratory judgment action may be resolved in the pending state court proceeding. Marathon has requested leave to file a third-party action against Frontier. This third-party demand raises the very same coverage dispute at issue here, and adds claims arising from the Texas Insurance Code. Further, all of the issues involved in Frontier's declaratory judgment action are state law issues, which are particularly suited for resolution by the state court. Because there is similar action pending in state court in which the controversy between the parties can be resolved, the Court finds it utterly duplicative to maintain Frontier's claims at this time. *See Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1175 (noting that in exercising its discretion the trial court "should ascertain whether the questions in controversy between the parties to the federal suit … can better be settled in the proceeding pending in the state court"); *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 809 (5th Cir.1992) ("In the words of Mr. Justice Frankfurter, 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit' when the entire controversy is already being litigated in a state court that is capable of resolving the

dispute." (quoting *Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1175–76)).

Such a conclusion is supported by other practical considerations. Unlike the proceeding before the Court, which includes only Marathon and Frontier, all potentially interested parties—including the plaintiff in the underlying action—will be joined in the state court proceeding. There is also little doubt that based on Frontier's alleged business contacts with the State of Texas, it is amenable to service of process in state court. Finally, Frontier has not provided any reason why it is not subject to the state court's jurisdiction. These factors all militate toward staying or dismissing the declaratory judgment suit.

Other factors also weigh in favor of staying or dismissing Frontier's declaratory judgment action. Both parties acknowledge that Frontier filed this declaratory action shortly after it notified Marathon it was denying coverage under the policy, and just five days after Marathon requested leave to file a declaratory action against Frontier in state court. The timing of these events suggests that Frontier knew that Marathon would seek relief in response to Frontier's denial of coverage. Consequently, the Court finds it reasonably clear that Frontier filed its action for declaratory judgment in anticipation of the issue being raised in the state court proceeding and thus engaged in forum shopping. Further, Frontier's claim that the state court has yet to rule on Marathon's motion for declaratory judgment does not diminish the taint of forum shopping. Given the pendency of Marathon's suit for declaratory judgment in state court, the Court finds that Frontier necessarily knew that Marathon would eventually file a third-party complaint. Accordingly, Frontier's declaratory action was anticipatory.

Litigation of the coverage issues in this Court would also be unfair to the parties in the underlying action. If the Court were to allow Frontier to proceed in federal court, it would prolong litigation of the underlying action, which would not serve

722

the interests of judicial economy. *See Wilton,* 515 U.S. at 286–91, 115 S.Ct. at 2142–44 (admonishing courts to avoid piecemeal litigation when deciding whether to exercise jurisdiction over declaratory judgment claims). Ultimately, the Court finds it more efficient for the coverage issue—governed by state law—to be litigated in a state court proceeding in which all interested parties may participate. The Eichor litigation began in 1998, therefore discovery affecting all potential parties presumably has proceeded in state court. Alternatively, very little action has taken place in this case. The Court sees no reason why the coverage issue cannot be resolved completely, fairly, and quickly in state court as in this Court. Accordingly, the interests of judicial economy weigh in favor of declining to address Frontier's claim.

### III. CONCLUSION

After carefully considering the relevant factors outlined in *Wilton* and *Travelers,* the Court "yields to considerations of practicality and wise judicial administration" by declining to exercise jurisdiction over Frontier's petition for declaratory judgment. *Wilton,* 515 U.S. at 288, 115 S.Ct. 2137 ("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action."). If, however, the state proceeding fails to adjudicate the issues presented in Frontier's petition for declaratory judgment, the Court will reconsider permitting the federal suit to proceed without considerations of a time bar. *See id.* (noting that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of time bar if the state case, for any reason, fails to resolve the matter in controversy"). Consequently, the Court **ORDERS** that Frontier's claim for declaratory judgment be **STAYED,** rather than

dismissed, in favor of the parallel suit now pending in state court. Accordingly, Defendant's Motion to Stay is **GRANTED.**

The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider and the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**