United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO. 03-30531
_____

LEOLA CELESTINE, on behalf of Sylvia Green,
Joseph Broussard, Lameka Broussard,

Plaintiff-Appellee,

versus

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PENNSYLVANIA, ET AL.,

Defendants.

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PENNSYLVANIA, AMERICAN
INTERNATIONAL GROUP, INC.,

Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Louisiana
Civil Action No. 02-CV-2611

Before JOLLY, DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]

This case arises from the district court's remand of a declaratory judgment action in light of an underlying liability case pending in Louisiana state court. Because the district court abused its discretion in remanding, we vacate the order and remand for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.  Background

In February 1998, Sylvia Green was injured while shopping at a K-Mart store in New Iberia, Louisiana.  Leola Celestine, as curatrix of Green, filed suit against K-Mart.  In October 2000, a jury found K-Mart 95% liable and Grandella Hamilton, an assistant manager, 5% liable for Green's injuries.  The jury awarded Green a $1.4. million judgment.  K-Mart appealed to the Louisiana Court of Appeals and filed for bankruptcy.

As required by bankruptcy procedures, K-Mart disclosed to its insurers, National Union Fire Insurance Company and American International Group, Inc. (collectively "the insurers").  In October 2002, Celestine filed an action in Louisiana state court against the insurers seeking a declaratory judgment on their liability for the underlying state court judgment against K-Mart. In November 2002, the Louisiana Court of Appeals vacated the judgment against Hamilton but increased the judgment against K-Mart to $4.4 million.  K-Mart appealed to the Louisiana Supreme Court, which accepted certiorari in March 2004 and has yet to rule.

On December 20, 2002, the insurers removed the action to district court pursuant to 28 U.S.C. § 1446 (removal statute), asserting subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1334(b) (non-exclusive Title 11 bankruptcy jurisdiction).  Upon Celestine's motion, the district court remanded the action back to the state court pursuant

2

to 28 U.S.C. § 2201 (Declaratory Judgment Act), while reserving jurisdiction and timeliness issues. Finding that Celestine's request for declaratory judgment "centers around the previously rendered state court judgment," the district court determined that the state court would be the most efficient forum to resolve the insurance liability issue.

The issues before this court are our appellate jurisdiction to review the remand order, and whether the district court abused its discretion in remanding the case. For the reasons stated below, we resolve both issues affirmatively.

## II. Discussion

First, this court's jurisdiction to review a remand order depends upon the district court's stated grounds for remand. Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1026 (5th Cir. 1991). Whereas appellate review of a remand order for lack of subject matter jurisdiction is proscribed by 28 U.S.C. § 1447(d), an appellate court may review a remand order issued as a matter of discretion pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996) (holding that an "abstention-based" remand is reviewable under 28 U.S.C. § 1291 as a discretionary "refusal to adjudicate"). Here, the district court's discretionary remand under the Declaratory Judgment Act for reasons of judicial economy fits within the narrow class of remand orders which this court may

3

review. As such, this court has jurisdiction over the instant appeal.

Second, we address whether the district court abused its discretion by remanding the case back to the state court. Generally, federal courts have a "strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush, 517 U.S. at 716. However, federal courts should forego jurisdiction in declaratory judgment actions when considerations of judicial economy overwhelm. Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc., 149 F.3d 371, 372 (5th Cir. 1998) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995)). In cases where judicial economy is not an issue, a district court's decision to forego the exercise of its jurisdiction is an abuse of discretion. Agora Syndicate, 149 F.3d at 373.

Here, the district court's sole rationale for remand — the efficiency of litigating the personal injury judgment appeal with the insurance liability action in the state court — is inapposite. The request for declaratory judgment on the insurers' liability inquires whether the insurers are liable if the judgment against K-Mart is affirmed and is legally and factually distinct from K-Mart's liability in the underlying personal injury action. Cf. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494-94, 62 S. Ct. 1173, 1175-76, 86 L. Ed. 1620 (1942). Moreover, neither insurance company is a party to the underlying personal injury

4

suit, which is now closed to new claims, additional evidence, and joinder.  Id.  While the instant case presents no basis for a judicial economy-based remand to the state court, it does afford an opportunity for the district court's efficient litigation of the insurers' liabilities if the $4.4 million dollar judgment against K-Mart is affirmed.  Therefore, the district court's remand was an abuse of discretion.

## III.  CONCLUSION

The district court's remand order is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.

**VACATED** and **REMANDED**.

5