ADMIRAL INSURANCE COMPANY, Plaintiff,

v.

LITTLE BIG INCH PIPELINE COMPANY, INC., Avenida De Palmas, Ltd., EPT Bella Homes, L.P., and Oneok, Inc., Defendants.

No. EP–06–00446–KC.

United States District Court,
W.D. Texas,
El Paso Division.

July 27, 2007.

Nathan M. Rymer, Rymer, Moore, Jackson & Echols, P.C., Houston, TX, for Plaintiff.

Andres Eduardo Almanzan, Carl H. Green, Mounce, Green, Myers, Safi, Paxson & Galatzan, Harrel L. Davis, III, Gordon & Mott, P.C., El Paso, TX, for Defendants.

### ORDER

CARDONE, District Judge.

On this day, the Court considered Defendants' "Motion to Abate." For the reasons set forth below, Defendants' Motion is **DENIED.**

## I. BACKGROUND

Plaintiff Admiral Insurance Company issued an insurance policy to Defendant Little Big Inch Pipeline Company, Inc. ("Defendant LBI"). Pl's 2d Am. Compl. ¶ 8. The policy had a coverage period from August 31, 2005, to August 31, 2006. *Id.* On October 5, 2006, Avenida De Palmas, Ltd. and EPT Bella Homes, L.P. ("Defendants Avenida and Bella") sued Defendant

LBI for negligence and trespass in the "Underlying State Suit."[1] *Id.* ¶ 9. Defendant LBI requested that Plaintiff defend and indemnify it in the Underlying State Suit, but Plaintiff denied coverage. *Id.* ¶ 10.

On December 29, 2006, Plaintiff filed a Declaratory Judgment Action ("Action"), asking this Court to decide whether Plaintiff has a duty to defend Defendant LBI in the Underlying State Suit. Pl.'s Compl. for Declaratory J. On May 18, 2007, Defendants Avenida and Bella filed a Motion to Abate, arguing that the Action is premature and a waste of judicial resources. Defs.' Mot. to Abate. The Court denied this Motion on June 7, 2007. Order Den. Mot. to Abate. However, at the Court's June 21, 2007, Docket Call, Defendants repeated the concerns they had raised in their Motion to Abate. Order to Show Cause ¶ 1. The Court then ordered Defendants to show cause why the Court should abstain from exercising jurisdiction over the Action under the principles set out in *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) and its progeny, including but not limited to *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir.1994). *Id.* ¶ 2.

On June 27, 2007, Defendant LBI filed its Brief in Response to the Court's Order. Def. Little Big Inch Pipeline Co.'s Br. in Resp. to Ct.'s Order to Show Cause 11 ("Def. LBI's Resp."). On July 2, 2007, Defendants Avenida and Bella also filed a Brief in Response to the Court's Order. Defs.' Avenida and Bella's Br. in Resp. to Ct.'s Order to Show Cause 6 ("Def. Avenida's Resp."). That same day, Plaintiff moved to amend its Complaint, seeking leave of the Court to add Texas Gas Service ("Defendant TGS") as a Defendant in the Action. Pl.'s Mot. for Leave to File

3rd Am. Pet. ¶ 11. The Court granted this Motion on July 19, 2007. Plaintiff filed its Reply to Defendant LBI's Brief on July 13, 2007. Pl. Admiral Ins. Co.'s Reply to Defs.' Resp. to Ct.'s Order to Show Cause (Pl.'s Reply).

In its Response, Defendant LBI argues that the principles set out in *Brillhart* and *Trejo* favor abating the Action because the Action is premature and would be a waste of judicial resources. Def. LBI's Resp. 1. Defendant LBI also argues that Plaintiff may join the Underlying State Suit and have the state court determine Plaintiff's obligation to indemnify Defendant LBI. *Id.* at 4. Defendants Avenida and Bella make a similar argument in their Response. They point out that the parties in the Underlying State Suit will continue to amend their pleadings, and that this might affect Plaintiff's obligation to indemnify Defendant LBI. Def. Avenida's Resp. 3–4. Because of these changing obligations, Plaintiff might return to this Court for further declaratory judgments after the Court has disposed of this case. *Id.*

In its Reply, Plaintiff argues that the *Brillhart/Trejo* analysis favors proceeding with the Action. Pl.'s Reply 2. Plaintiff argues that the federal proceedings in this Action are not truly parallel to the proceedings in the Underlying State Suit, since Plaintiff is not a party to the Underlying State Suit, and the Action involves a different issue from the Underlying State Suit. *Id.* Therefore, Plaintiff argues, its claims cannot be adequately adjudicated in the Underlying State Suit. *Id.* at 9.

## II. DISCUSSION

### A. Standard from *Brillhart* and *Trejo*

◼ In *Brillhart,* the Supreme Court identified six factors that district courts

---

1. This case was filed in County Court at Law Number Three, El Paso County, Texas, styled *Avenida De Palmas, Ltd. and EPT Bella* *Homes, L.P. v. Oneok, Inc. d/b/a Texas Gas Service Company and Little Big Inch Pipeline Company, Inc.,* bearing Cause No. 2006–4344.

should consider in determining whether to hear a declaratory action, when there is an underlying state proceeding: (1) the scope of the pending state court proceedings and the nature of the defenses open there; (2) whether the claims of all parties in interest can be satisfactorily adjudicated in that proceeding; (3) whether necessary parties have been joined; (4) whether such parties are amenable to process in that proceeding; (5) whether it would be "uneconomical" or "vexatious" to proceed in federal court where another suit was already pending in state court; and (6) whether hearing the declaratory judgment action would represent "gratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir.2003) (citing *Brillhart*, 316 U.S. at 494, 62 S.Ct. 1173).

■ In *Trejo*, the Fifth Circuit used seven similar factors to guide a district court in whether it should hear a declaratory judgment action: "(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Sherwin–Williams*, 343 F.3d at 389–90 (citing *Trejo*, 39 F.3d at 590–91).

## B. *Brillhart* Analysis

### 1. Scope of state court proceeding

The first factor in the *Brillhart* analysis is the scope of the state court proceeding, and the nature of the defenses open there. *Sherwin–Williams*, 343 F.3d at 389. Defendant LBI argues that this factor favors abatement, as the defenses that are available in this federal action would also be available to Plaintiff in the Underlying State Suit, if and when Plaintiff joins that suit. Def. LBI's Resp. 4. Plaintiff argues that since it is not a party to the Underlying State Suit, and since that suit involves different issues (Defendant LBI's alleged negligence and trespass), the state court is not fully capable of resolving the issue of this Action, that is, Plaintiff's duty to defend Defendant LBI. Pl.'s Reply 9.

■ At the heart of Plaintiff's argument is the premise that this Action is not truly parallel to the Underlying State Suit. *Id.* at 3–4. Federal and state cases are parallel when they involve the same parties and the same issues. *Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir.2002). Plaintiff points to several Fifth Circuit cases ruling that district courts should have denied stay motions where federal and state proceedings were not truly parallel. *See, e.g., Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 372 (5th Cir.1998); *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 785 (5th Cir.1997); *Hartford Accident & Indem. Co. v. Costa Lines Cargo*, 903 F.2d 352, 360 (5th Cir. 1990).

■ Like Plaintiff in the instant case, the plaintiff in *Agora* was an insurance company seeking a declaratory judgment to determine its obligations in an underlying case in state court. *See Agora*, 149 F.3d at 372. The Fifth Circuit found that the federal and state proceedings were not

"truly parallel," because the proceedings involved different parties and issues. *Id.* at 374. Therefore, the Fifth Circuit held that the district court had abused its discretion in dismissing the declaratory judgment action. *Id.* at 374. The Fifth Circuit noted that the federal court's ruling on the insurance company's obligations would have no direct bearing on the underlying state case, nor would the state court's ruling on the defendant's liability have a direct bearing on the insurance company's obligations. *Id.* at 373. The district court had stated that the plaintiff "may intervene in the state court suit and seek the same declaratory judgment concerning its rights and responsibilities under the policy." *Id.* at 373. The Fifth Circuit rejected this argument, saying that it was unsupportable and did not sustain the district court's decision. *Id.* at 373–74.

In the instant case, the Court agrees with Plaintiff that the present Action is not parallel to the Underlying State Suit, because Plaintiff is not a party to the Underlying State Suit, and because the proceedings involve different issues. Pl.'s Reply 9. Defendant LBI reprises the argument that the Fifth Circuit rejected in *Agora*, by arguing that Plaintiff may join the state suit and seek out its defenses there. Def. LBI's Resp. 4. The fact that Plaintiff may join the Underlying State Suit is not sufficient for this factor to weigh in favor of abatement. Rather, the proceedings must be parallel before the Court may analyze the defenses available in the state court. *See Hartford Accident,* 903 F.2d at 360 ("[b]efore a court considers the propriety of a stay pending disposition of a state court action, the federal and state cases should be 'parallel'—'involving the same parties and the same issues' "). Because the Action is not truly parallel to the Underlying State Suit, the Court finds that this factor weighs in favor of Plaintiff.

### 2. Adjudication of claims in state court

The second *Brillhart* factor asks whether the claims of all parties can be adjudicated in state court. *Sherwin–Williams,* 343 F.3d at 389. Defendant LBI states that the "parties in interest" relating to the action are Defendants LBI, Avenida, Bella, and TGS. Def. LBI's Resp. 4. Defendant LBI points out that all of these parties have been joined to the Underlying State Suit. *Id.* Plaintiff responds by reiterating that it is not a party to the Underlying State Suit, so that the Underlying State Suit cannot and will not adjudicate the claims of all the parties. Pl.'s Reply 9.

The Court agrees with Plaintiff. Defendant LBI does not name Plaintiff as a "party in interest." Yet Plaintiff is obviously a party in interest to the Action, since it brought the Action and its obligations are at issue. The issue here is similar to the first *Brillhart* factor discussed above. Even if Plaintiff's claims could be adjudicated in state court upon Plaintiff's joining the Underlying State Suit, this is not sufficient under *Agora*. The proceedings must be parallel. *See Agora,* 149 F.3d at 373–74. Because Plaintiff has not been joined to the Underlying State Suit, its claims may not be adequately adjudicated in state court. This factor weighs in favor of Plaintiff.

### 3. Necessary parties joined

The third *Brillhart* factor asks whether all necessary parties have been joined. *Sherwin–Williams,* 343 F.3d at 389. Defendant LBI argues that not all necessary parties have been joined to the Action in federal court, since, at the time Defendant LBI filed its Response, Defendant TGS was not yet a party to the Action. Def. LBI's Resp. 5. However, since then, Plaintiff has amended its complaint and has joined Defendant TGS to the Action in

federal court. Pl.'s Mot. for Leave to File 3d Am. Pet. ¶ 11. Therefore, all necessary parties have been joined in the federal Action.

Plaintiff also points out, once again, that it has not been joined in the Underlying State Suit, and argues that, therefore, not all necessary parties have been joined to the Underlying State Suit. Pl.'s Reply 9. As the Court has noted above, a disparity between parties to the state and federal actions favors denial of stay. *See Hartford Accident*, 903 F.2d at 360. Because Plaintiff is a necessary party to the Action, but has not been joined to the Underlying State Suit, this factor favors Plaintiff.

### 4. Parties amenable to process

The fourth *Brillhart* factor asks whether all parties are amenable to process in the state court proceeding. *Sherwin–Williams*, 343 F.3d at 389. Defendant LBI claims that all parties are amenable to process in the Underlying State Suit, since Defendant TGS is part of the that suit. Def. LBI's Resp. 5. Plaintiff argues that this factor is neutral, but does not elaborate further. Pl.'s Reply 5.

It appears that all parties are amenable to process in the Underlying State Suit. Indeed, Plaintiff is the only party involved in the Action that has not joined the Underlying State Suit. Therefore, this factor favors Defendants.

### 5. Judicial economy

The fifth *Brillhart* factor asks whether it would be "uneconomical" or "vexatious" to proceed in federal court where another suit is already pending in state court. *Sherwin–Williams*, 343 F.3d at 389.

Defendant LBI argues that Plaintiff's duty to defend and indemnify Defendants LBI and TGS will remain subject to change, each time the plaintiffs in the Underlying State Suit amend their pleadings. Def. LBI's Resp. 5. Therefore, Defendant

LBI argues, this Court's resolution of the dispute will be piecemeal and contrary to judicial economy. *Id.* Defendants Avenida and Bella make a similar point by noting that there are still factual disputes in the Underlying State Suit, which should be resolved before the Court proceeds with this Action. Def. Avenida's Resp. 4.

Plaintiff responds by arguing that judicial economy is not offended, since its duty to defend Defendant LBI is not duplicative of any issue in the Underlying State Suit. Pl.'s Reply 15. Plaintiff also argues that it is entitled to a prompt resolution of its claims in federal court, so that it may avoid an unnecessary and costly defense in state court. *Id.* Moreover, at the Court's June 21, 2007, Docket Call, Plaintiff argued that "it's very rare that the facts of a case change after the third amended pleading so significantly that the coverage question is altered." Doc. Call Tr. 5.

In *Agora*, the Fifth Circuit found that judicial economy was served by allowing a declaratory action judgment to proceed, so that the insurance company would not have to face "the wasteful prospect of commencing the declaratory judgment process anew in state court." *Agora*, 149 F.3d at 373. However, as Defendants Avenida and Bella point out, *Agora* is distinguishable from the instant case, since *Agora* contained no factual dispute between the parties in the underlying state action, whereas the instant case does. Def. Avenida's Resp. 5, (citing *Agora*, 149 F.3d at 373). Thus, the court in *Agora* did not face the possibility that exists in the instant case: that the parties in the Underlying State Suit will amend their pleadings, rendering a declaratory judgment from the federal court useless.

It is unclear whether judicial economy will be served or offended by allowing the Action to proceed. It is possible that the plaintiffs in the Underlying State Suit will

amend their complaints in a way that will render this Court's declaratory judgment useless. However, it is also possible that this Court's declaratory judgment would still apply after the complaints are amended in the Underlying State Suit. If that is the case, then a declaratory judgment from this Court would be the most efficient possibility, because it would prevent Plaintiff from having to bring the same action in state court. The Court finds that this factor is neutral.

### 6. Gratuitous interference

The sixth *Brillhart* factor asks whether hearing the declaratory judgment action would represent "gratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Sherwin–Williams,* 343 F.3d at 389. Defendant LBI argues that this factor favors abatement, because the state court is fully capable of rendering a judgment on Plaintiff's claims, which are based on state law. Def. LBI's Resp. 5. Plaintiff argues that the issues of the Action in federal court, regarding coverage under its insurance policy, are not at issue in the Underlying State Suit. Pl.'s Reply. 10.

■ The Court agrees with Plaintiff. The fact that a state court could hypothetically adjudicate a claim does not mean that there would be gratuitous interference if a federal court adjudicated the same claim. It is well established that an insurance company may bring an action in federal court to determine its obligations in an underlying state lawsuit, without gratuitously interfering in the state suit. *See, e.g., Agora,* 149 F.3d 371; *Exxon,* 129 F.3d 781; *Hartford Accident,* 903 F.2d 352; *Certain Underwriters at Lloyd's London v. A & D Interests,* 197 F.Supp.2d 741 (S.D.Tex.2002). Therefore, this factor weighs in favor of Plaintiff.

### C. *Trejo* Analysis

#### 1. Pending state action

The first *Trejo* factor asks whether there is a pending state action in which all of the matters in controversy may be fully litigated. *Sherwin–Williams,* 343 F.3d at 388. This factor is very similar to the second *Brillhart* factor discussed above (whether the claims of all parties can be adjudicated in state court). The parties reprise their arguments from that factor. Again, the Court agrees with Plaintiff, which argues that the pending state action must be parallel in order for this factor to favor abatement. *See* Pl.'s Reply 12. For the reasons stated above in Section II.B.2., the Court finds that this factor favors Plaintiff.

#### 2. Anticipatory filing

The second *Trejo* factor asks whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by the declaratory defendants. *Sherwin–Williams,* 343 F.3d at 388. Defendant LBI argues that Plaintiff had an impermissible purpose in filing the Action, because Plaintiff was seeking neither to avoid a multiplicity of suits, nor to determine its rights where litigation in the state court had been looming for a long period of time. Def. LBI's Resp. 8. Plaintiff counters that it was never threatened with a lawsuit in state court, even though Defendant could have joined Plaintiff to the Underlying State Suit. Pl.'s Reply 12.

The Court agrees with Plaintiff. As Plaintiff says, this case does not involve a race to the courthouse. Pl.'s Reply 13. Plaintiff waited almost three months after the Underlying State Suit began before filing its Action in this Court. Pl.'s Compl. for Declaratory J,; Pl's 2d Am. Compl. ¶ 9. Moreover, Defendant LBI's arguments on this factor have nothing to do with whether Plaintiff filed the suit in anticipation of

a lawsuit by Defendants. This factor weighs in favor of Plaintiff.

### 3. Forum shopping

The third *Trejo* factor asks whether the declaratory plaintiff engaged in forum shopping by bringing its suit in federal court. *Sherwin–Williams*, 343 F.3d at 388. Defendant LBI points out that anticipatory filing is one aspect of forum shopping. Def. LBI's Resp. 8, (citing *Watkins Strategy & Res. Group, LLC v. WLC, LLC*, 433 F.Supp.2d 778, 784 (S.D.Miss. 2006)). Plaintiff responds that availing oneself of proper diversity jurisdiction is not forum shopping. Pl's Reply 13 (citing *England v. La. St. Bd. of Med. Exam'rs*, 375 U.S. 411, 426, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964)).

Again, the Court agrees with Plaintiff. Even if anticipatory filing indicates forum shopping, Defendants never showed that Plaintiff filed its Action in anticipation of a state lawsuit. Plaintiff availed itself of proper diversity jurisdiction; this is not forum shopping. This factor weighs in favor of Plaintiff.

### 4. Fairness

The fourth *Trejo* factor asks whether there are possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums. *Sherwin–Williams*, 343 F.3d at 388. Defendant LBI argues that it is the "real plaintiff" in the dispute between Defendant LBI and Plaintiff, so it should be able to choose the forum in which to pursue its claims. Def. LBI's Resp. 8. Defendants Avenida and Bella add, "Fairness would dictate that a jury would determine the fault of Little Big Inch and Texas Gas Service, as well as the scope of that fault. That determination will dictate whether or not there is coverage." Def. Avenida's Resp. 4. Plaintiff argues that Defendant LBI is not the "real plaintiff," as Plaintiff has the right to

seek declaratory relief with respect to policy coverage. Pl.'s Reply 14.

Defendants' arguments are untenable. Plaintiff is correct when it states that it has a right to seek declaratory relief respecting its coverage—it is the true plaintiff in this case. *See Lloyd's London*, 197 F.Supp.2d at 745. And what Defendants Avenida and Bella say is simply untrue. A jury trial in the state suit would not decide whether there is coverage; such a trial would deal with the distinct issues of Defendant LBI's alleged negligence and trespass. Although Defendant LBI claims that its choice of forum for this action is the state court, it has made no attempt to join Plaintiff to the Underlying State Suit. Def. LBI's Resp. 9. Defendants have not shown that they would suffer any inequity if the Court allows the action to proceed. This factor favors Plaintiff.

### 5. Convenient forum

The fifth *Trejo* factor asks whether the federal court is a convenient forum for the parties and witnesses. *Sherwin–Williams*, 343 F.3d at 388. Defendant LBI argues that this factor is neutral, because the degree of convenience for the parties is equal at the El Paso County Courthouse and the United States Courthouse in El Paso Def. LBI's Resp. 9. Plaintiff agrees that both forums are equally convenient, but argues that this favors proceeding with the Action. Pl.'s Reply 14.

The Court agrees with Plaintiff. This factor does not ask whether the federal court is a *more* convenient forum than the state court, but only whether the federal court is convenient for all parties. Even if litigating at the state courthouse were more convenient for the parties than litigating at the federal courthouse, this would not necessarily mean that the federal court is an inconvenient forum. *See Sherwin–Williams*, 343 F.3d at 401. Since

the federal court is convenient for all parties, this factor favors Plaintiff.

### 6. Judicial economy

The sixth *Trejo* factor asks whether retaining the lawsuit would serve the purposes of judicial economy. *Sherwin–Williams,* 343 F.3d at 388. This factor is essentially the same as the fifth *Brillhart* factor. For the reasons stated above in section II.B.5, the Court finds that this factor is neutral.

### 7. State judicial decree

The seventh *Trejo* factor asks whether the federal court is being called on to construe a state judicial decree involving the same parties. *Sherwin–Williams,* 343 F.3d at 388. If the Court were called upon to construe such a decree, this would "clearly implicate federalism and comity concerns" and favor abatement. *Id.* at 392. Neither party has asked the Court to interpret a state judicial decree among the parties. Therefore, this factor weighs in favor of Plaintiff.

### D. Weighing of Factors

Under *Brillhart* analysis, factors (1), (2), (3), and (6) favor Plaintiff, while factor (4) favors Defendants and factor (5) is neutral. Under *Trejo* analysis, factors (1), (2), (3), (4), (5), and (7) favor Plaintiff, while factor (6) is neutral. Both analyses weigh heavily in favor of proceeding with Plaintiff's Action. Accordingly, Defendants' Motion to Abate is **DENIED.**

### III. CONCLUSION

For the foregoing reasons, Defendants' "Motion to Abate" (Doc. No. 22) is **DENIED.**

**SO ORDERED.**