[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13105
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-01881-JA-TBS

DIOGO R. ESTEVES,
DANIELA E. ESTEVES,

Plaintiffs-Appellants,

versus

SUNTRUST BANKS, INC.,
SUNTRUST MORTGAGE, INC.,
NATIONSTAR MORTGAGE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 8, 2015)

Before MARCUS, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Diogo R. Esteves and Daniele E. Esteves ("the Esteveses"), proceeding *pro se*, appeal the denial of their motion to remand the instant case to state court and the dismissal of their *pro se* civil complaint against SunTrust Banks, Inc., and SunTrust Mortgage, Inc. (collectively, "SunTrust"), and Nationstar Mortgage ("Nationstar"), the respective mortgage holder and loan servicer of their mortgage loan.  After careful review, we affirm in part and vacate in part, and we remand with instructions for the case to be remanded to state court.

## I.

In November 2013, the Esteveses filed a *pro se* amended complaint in Florida state court against SunTrust and Nationstar seeking a declaratory judgment under Fla. Stat. § 86.011.  The Esteveses alleged that the defendants violated various federal laws, including the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collection Practices Act ("FDCPA"), by failing "to substantively comply" with the Esteveses' numerous demands for the defendants to produce a "bona fide claim" establishing their title to the mortgage debt.  (*See* Doc. 2 ¶ 21).

According to the Esteveses, the defendants are required by state and federal law to produce "an unbroken, complete, verified chain of legal title to the purported 'debt', to include title to the documentary intangible personal property (original note and security instrument), authenticated by credible, competent,

reliable witnesses with first-hand knowledge, allegedly in possession, custody and control of defendants and/or all of them, on demand from Plaintiff." (*Id.* at 2). It appears that SunTrust provided copies of certain documents, but the Esteveses questioned the documents' authenticity and demanded the originals. (*See id.* ¶ 25).

The Esteveses alleged that SunTrust had initiated two foreclosure lawsuits against the Esteveses, and that the defendants had "interests adverse to Plaintiff of a substantial enough basis to warrant a determination of ripeness." (*Id.* ¶ 10). According to the Esteveses, there was an "actual controversy" based on the defendants' failure to produce a bona fide claim. (*Id.* ¶¶ 42, 56-57). They asked for a declaratory judgment "so that Plaintiffs can enforce Plaintiffs' commercial rights at law and equity in future suits." (*Id.* ¶ 70).

The Esteveses specifically sought the following declarations: (a) that the defendants owed them a duty "to produce a bona fide claim," which includes a "verified chain of legal title to the purported 'debt'"; (b) that the defendants owed a duty to respond to the Esteveses' notices and demands to the defendants to produce such a bona fide claim; (c) that the defendants breached their duty to so respond; and (d) that the defendants "failed and refused to comply with state and federal law, including trust, securities and commercial law by failing to produce a bona fide claim." (*Id.* at 19-20). They expressly stated that this was "not an action seeking monetary damages" based on the alleged failure to respond. (*Id.* at 8 n.1).

3

Nationstar removed the action to federal court (with SunTrust's subsequent consent), and both defendants then moved to dismiss the amended complaint.  The Esteveses moved to remand the action to state court, contending that they were not asserting federal claims but were "merely seeking a declaratory judgment in state court."  (Doc. 21 at 2).  Further, they asserted, the state court was competent to adjudicate any federal claims to the extent that any were asserted.

A magistrate judge prepared two reports and recommendations ("R&R"), recommending that the Esteveses' motion to remand be denied and that the defendants' motions to dismiss be granted, respectively.  The magistrate judge's report and recommendation on the motions to dismiss recommended dismissing the amended complaint on at least four separate grounds.

First, the magistrate judge found that the Esteveses' amended complaint did not give "fair notice" of the claim raised, in violation of Rule 8(a), Fed. R. Civ. P. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (discussing Rule 8(a)'s pleading standards).  Second, the magistrate judge recommended that the district court exercise its discretion to dismiss the instant declaratory-judgment action because it was simply an attempt to obtain discovery in a foreclosure action in state court, which could provide an adequate remedy. Third, the magistrate judge concluded that the amended complaint failed to state a claim for declaratory relief; specifically, the Esteveses had not alleged that they

were harmed by the defendants' actions or that a favorable disposition would redress any injury. Fourth, the magistrate judge concluded that the Esteveses could not obtain the equitable relief of a declaratory judgment because the federal statutes relied upon all provided legal remedies for the alleged violations. Finally, the magistrate judge concluded that the plaintiffs had failed to state a valid claim under the RESPA.

In a one-page order, the district court adopted the magistrate judge's recommendations, denied the motion to remand, and dismissed complaint with prejudice. This appeal followed.[1]

The Esteveses contend that the district court erred in denying their motion to remand because questions of state law predominated in their amended complaint and because Nationstar's notice of removal was untimely. They attack the district court's dismissal of their complaint on grounds that the complaint puts the defendants on full and actual notice of the claims asserted, that they were harmed by the defendants' failure to provide adequate documentation, and that the court failed to analyze the case under applicable Florida case law. The defendants retort that removal was proper and that the district court's dismissal of the amended complaint with prejudice should be affirmed.

---

[1] On December 16, 2014, a motions panel of this Court denied the defendants-appellees' motions to dismiss this appeal as untimely. We see no reason to disturb this ruling. *See* 11th Cir. R. 27–1(g) ("A ruling on a motion or other interlocutory matter, whether entered by a single judge or a panel, is not binding upon the panel to which the appeal is assigned on the merits, and the merits panel may alter, amend, or vacate it.").

## II.

We largely do not address the parties' contentions because we find that the Esteveses' amended complaint fails to allege facts sufficient to establish their standing to have the declaratory-judgment action decided by a federal court.  The district court addressed this issue but did not specifically refer to "standing."  In any case, we have an obligation "to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction."  *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1542 (11th Cir. 1993); *see Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995).  We review questions of subject-matter jurisdiction *de novo*.  *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007).

Under Article III of the Constitution, federal courts have the power to adjudicate only actual "Cases" and "Controversies."  *Strickland v. Alexander*, 772 F.3d 876, 882 (11th Cir. 2014); *see* 28 U.S.C. § 2201 (providing that a court may issue a declaratory judgment "[i]n a case of [only] actual controversy within its jurisdiction").  As part of the case-or-controversy requirement, a plaintiff must establish that he has "standing" to invoke the power of a federal court to decide the merits of a particular dispute.  *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999).  The failure to establish standing "can deprive a federal court of jurisdiction."  *Strickland*, 772 F.3d at 883.

6

At a constitutional minimum, plaintiffs must make the following three showings to establish standing:  (1) that they personally have suffered a concrete "injury in fact"—some actual or imminent invasion of a legally protected interest; (2) that a causal connection exists between the injury and the conduct complained of—the injury fairly must be traceable to the challenged action;  and (3) that the injury is likely to be redressed by a favorable decision.  *Id.*  "A case or controversy must exist at the time the declaratory judgment action is filed."  *GTE Directories Publ'g. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995).

Where, as here, the plaintiff seeks only declaratory or injunctive relief, as opposed to damages for injuries already suffered, "the injury-in-fact requirement insists that a plaintiff 'allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'"  *Strickland*, 772 F.3d at 883 (quoting *Malowney*, 193 F.3d at 1346).  Furthermore,

> It is not enough that the [plaintiff]'s complaint sets forth facts from which we could *imagine* an injury sufficient to satisfy Article III's standing requirements, since we should not speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none.  The plaintiff has the burden to clearly and specifically set forth facts sufficient to satisfy [] Art. III standing requirements.  If the plaintiff fails to meet its burden, this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury.

7

*Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (11th Cir. 2005) (internal quotation marks omitted).

Here, accepting the allegations in the amended complaint as true and liberally construing the complaint in the Esteveses' favor, we conclude that the Esteveses have not "clearly and specifically" set forth facts showing a substantial likelihood that they will suffer injury from the defendants' actions in the future. *See id.*; *see also Strickland*, 772 F.3d at 883; *Malowney*, 193 F.3d at 1346. They allege that the defendants had committed various bad acts in the past, including initiating two foreclosure suits against the plaintiffs, one of which was dismissed on June 16, 2011; failing to respond to notices and demands under the FDCPA, the RESPA, and the TILA, among other laws; and failing to produce a bona fide claim. "Injury in the past, however, does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment." *Malowney*, 193 F.3d at 1348. And the amended complaint does not allege facts showing "a real and immediate—as opposed to a merely hypothetical or conjectural—threat of future injury." *Strickland*, 772 F.3d at 883 (quoting *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir.1994)). In conclusory fashion, the amended complaint simply contends that plaintiffs are entitled to a "bona fide claim" but have not received it.

Nor do the Esteveses' allegations show an actual or imminent "invasion of a legally protected interest" for purposes of the injury-in-fact requirement. *See id.* "No legally cognizable injury arises unless an interest is protected by statute or otherwise." *Cox Cable Commc'ns, Inc. v. United States*, 992 F.2d 1178, 1182 (11th Cir. 1993). The Esteveses base their entitlement to proof of a "bona fide claim" on a combination of the FDCPA, the RESPA, the TILA, and Florida law, among other sources. While the federal statutes they rely upon generally impose duties to disclose certain information upon request, the Esteveses have not identified any provision requiring creditors to produce the type of original, extensive documentation they requested. *See, e.g.*, 12 U.S.C § 2605(e); 15 U.S.C. § 1692g. And, while Florida law generally requires a foreclosing party to produce the original note in a foreclosure suit, *see Downing v. First Nat'l Bank of Lake City*, 81 So. 2d 486, 488 (Fla. 1955); *Deutsche Bank Nat'l Trust Co. v. Clarke*, 87 So. 3d 58, 60-61 (Fla. Dist. Ct. App. 2012) (noting that the duty of production does not extend to the original mortgage), the Esteveses have not alleged or shown that Florida law imposes a similar duty to produce these documents outside of a foreclosure proceeding. Consequently, the Esteveses have not shown an invasion of a legally protected interest.

In addition, the amended complaint contains no allegations about how receiving from defendants a bona fide claim will redress any injury. The amended

9

complaint merely asserts that the plaintiffs need proof of the bona fide claim for unspecified "future civil and criminal complaints," and "so that Plaintiffs can enforce Plaintiffs' commercial rights at law and equity in future suits."  This is too speculative to establish that the injury is likely to be redressed by a favorable decision.  *See Strickland*, 772 F.3d at 883.

In sum, we conclude that the district court properly found that there was not an "actual controversy" because the Esteveses had not sufficiently alleged either injury-in-fact or redressability.  Therefore, we affirm the court's ruling on that ground.  That does not end our inquiry, however.

After a case has been removed to federal court, the district court "shall" remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  The Supreme Court has noted that the literal words of § 1447(c) give district courts no discretion to dismiss rather than remand an action when subject-matter jurisdiction is lacking. *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S. Ct. 1700, 1710 (1991).  And, as explained above, federal district courts lack subject-matter jurisdiction over suits that do not meet Article III's case-or-controversy requirement.  *See, e.g.*, *Bochese*, 405 F.3d at 974 ("Standing is a doctrine that stems directly from Article III's 'case or controversy' requirement, and thus it implicates our subject matter jurisdiction." (internal quotation marks

10

omitted)); *Nat'l Advertising Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("[A] a moot suit cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." (internal quotation marks omitted)).

Consequently, once the district court concluded that the Esteveses' amended complaint did not present a justiciable controversy, the court should have remanded the matter to the state court from which it was removed instead of dismissing the action with prejudice.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League*, 500 U.S. at 89, 111 S. Ct. at 1710; *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213-14 (3d Cir. 1997) (holding that where a removed declaratory-judgment action does not present a justiciable controversy under Article III, the action must be remanded to state court under § 1447(c) rather than dismissed). Therefore, we vacate the portion of the district court's order dismissing the action with prejudice, and we remand with instructions to remand the action to the Ninth Judicial Circuit Court of Florida in Orange County, Florida.[2]  "Whether the matter

---

[2]  We also note that one of the other grounds relied upon by the district court likewise supports remand to state court rather than outright dismissal.  Under the Declaratory Judgment Act, district courts may discretionarily decline to exercise jurisdiction over a declaratory-judgment action even if subject-matter jurisdiction requirements otherwise are met.  *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330-31 (11th Cir. 2005); *see* 28 U.S.C. § 2201. We have identified numerous factors for district courts to consider in exercising this discretion. *See id.*  The magistrate judge in this case recommended declining to exercise jurisdiction over the declaratory-judgment action because of a pending state foreclosure proceeding, which provided an adequate remedy.

11

is justiciable under state law is a matter for the state court to decide." *Bromwell*, 115 F.3d at 214.

## III.

In sum, we affirm the district court's order to the extent it concluded that the Esteveses' amended complaint failed to allege a justiciable controversy over which federal courts have jurisdiction. However, we vacate the dismissal of the complaint with prejudice, and we remand this matter to the district court with instructions to remand the case to the state court from which it was removed.

**AFFIRMED in part; VACATED in part; and REMANDED with instructions.**

---

We need not and do not address the merits of that determination, but we note that the consequence of declining jurisdiction over a removed declaratory-judgment action would be remand to state court rather than dismissal. *See, e.g.*, *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 149 (3d Cir. 2014) (holding that the district court's discretionary decision to decline jurisdiction over a removed declaratory-judgment action "achieved the proper result: declining jurisdiction and remanding to the state court"); *cf. United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1111-12 (9th Cir. 2001) (reviewing a district court's discretionary remand under the Declaratory Judgment Act); *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1165-67 (9th Cir. 1998) (same); *Celestine v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 115 F. App'x 658, 660 (5th Cir. 2004) (same).